IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KRISTA JONES, | ) | No. CV-F-07-1628 OWW/TAG |
| | ) | |
| | ) | MEMORANDUM DECISION AND |
| | ) | ORDER DENYING IN PART AND |
| Plaintiff, | ) | GRANTING IN PART DEFENDANTS' |
| | ) | MOTION TO DISMISS THIRD |
| vs. | ) | AMENDED COMPLAINT (Doc. 40) |
| | ) | AND DIRECTING PLAINTIFF TO |
| | ) | FILE A FOURTH AMENDED |
| KERN HIGH SCHOOL DISTRICT, | ) | COMPLAINT WITHIN 20 DAYS OF |
| et al., | ) | THE FILING DATE OF THIS |
| | ) | ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

Plaintiff Krista Jones has filed a Third Amended Complaint
(TAC) against Kern High School District, Francisco Gonzalez,
Jaime Quinonez, Connie Sack, Bruce Hill, Patrick Blake, Abelardo
Sibecas, Mary Aleman, Kay Rodriguez, Dennis Steward, Pablo Reyes,
Patty Lieble, Dirk McJunkin, Vicki Shoenhair, Matt Godbehere,
Terry Lewis, Mr. Gutierrez, James Hudson, Ana Catano, and Does 1-
200.

All individually named Defendants are alleged to have been

1

1 | or are employees of the Kern High School District:

2 | <u>Francisco Gonzalez</u>: a security guard at Shafter High School, coach of the girl's softball team, and monitor/supervisor of study hall;

3 |

4 |

<u>Jaime Quinonez</u>: Principal of Shafter High School;

5 |

6 | <u>Connie Sack</u>: Assistant Principal of Shafter High School;

7 |

<u>Bruce Hill</u>: Assistant Principal of Shafter High School;

8 |

9 | <u>Patrick Blake</u>: Dean of Shafter High School;

10 | <u>Abelardo Sibecas</u>: Dean of Shafter High School;

11 | <u>Mary Aleman</u>: Attendance Secretary or other employee in the Attendance Office of Shafter High School;

12 |

13 | <u>Katy Rodriguez</u>: Attendance Secretary or other employee in the Attendance Office of Shafter High School;

14 |

15 | <u>Dennis Steward</u>: substitute security guard for Shafter High School;

16 |

17 | <u>Pablo Reyes</u>: teacher at Shafter High School;

<u>Patty Leible</u>: teacher at Shafter High School;

18 |

<u>Dirk McJunkin</u>: teacher at Shafter High School;

19 |

20 | <u>Vicki Shoenhair</u>: teacher at Shafter High School;

21 |

<u>Matt Godbehere</u>: teacher at Shafter High School;

22 |

23 | <u>Terry Lewis</u>: teacher and/or coach at Shafter High School;

24 |

<u>Mr. Gutierrez</u>: teacher at Central Valley High School, a continuation school held on the campus of Shafter High School;

25 |

26 |

2

**JAMES HUDSON**: counselor at Shafter High
School.

Does 1-30 "intimidated, threatened with violence, coerced,
sexually harassed, and intentionally inflicted emotional distress
on Plaintiff, and/or entered into a conspiracy and agreement to
do so, and/or aided and abetted such conduct against Plaintiff"
after the attack on Plaintiff by Defendant Francisco Gonzalez was
reported.  Does 31 and 32 are the father and mother on non-
defendant Adrianna Reyes.  Does 33-92 are the parents or
guardians of Does 1-30.  Does 94-200 are "(a) officers and agents
of KERN HIGH SCHOOL DISTRICT; (b) employed as principals, deans,
counselors, teachers, security guards or other employees at
Shafter High School, a high school within, and under the
jurisdiction and control of, Defendant KERN HIGH SCHOOL DISTRICT;
and (c) acting within the scope of such agency and employment."

Defendants Kern High School District (hereinafter District),
Jaime Quinonez, Connie Sack, Bruce Hill, Patrick Blake, Abelardo
Sibecas, Mary Aleman, Kay Rodriguez, Dennis Steward, Pablo Reyes,
Patty Lieble, Dirk McJunkin, Vicki Shoenhair, Matt Godbehere,
Terry Lewis, Mr. Gutierrez, James Hudson, and Ana Catano
(hereinafter Employee Defendants) move to dismiss the First,
Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth, Eleventh,
Twelfth, Seventeenth, and Twenty-Third Causes of Action in the
TAC pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure,

3

for failure to state a claim upon which relief can be granted.[1]

   A.  <u>ALLEGATIONS OF TAC</u>.

   The TAC is 79 pages long and comprised of 216 paragraphs, which include citations to various legal authority. Because Plaintiff must file a Fourth Amended Complaint, Plaintiff is ordered to delete all cases citations and allegations discussing cases from the Fourth Amended Complaint.  These allegations essentially constitute legal argument and/or legal conclusions and have no place in a complaint.  Further, they make reading and analyzing the pleading very difficult and cannot be admitted or denied by the Defendants.

   The portion of the TAC captioned "Factual Allegations Common to All Causes of Action" alleges:

> 61. Plaintiff contends, for the reasons alleged below, that on April 11, 2007 she timely complied with the California Tort Claims Act, California Government Code § 910 et seq.
>
> 62. Plaintiff has complied with the claims requirement of the California Sex Equity in Education Act, California Education Code §§ 221.5 - 231.5, and particularly California Education Code § 262.3(c), (d), as follows. Plaintiff timely and properly filed a

---

[1]Defendants' motion to dismiss the Eighth Cause of Action was withdrawn at the hearing.
   There are several references in the TAC to alleged violations of the Child Abuse Neglect and Reporting Act (CANRA), California Penal Code §§ 11164 *et seq*. Defendants moved to dismiss these allegations as an unnumbered cause of action for failure to report child abuse pursuant to California Penal Code § 11166(a).  At the hearing, Plaintiff explained that she did not intend to allege a stand-alone claim under Section 11166(a).  Rather, she intended the allegations as evidence that the District was on notice of the alleged actions or inactions by District employees.

Complaint under the California Sex Equity Act with Defendant KERN HIGH SCHOOL DISTRICT on April 11, 2007. Defendant KERN HIGH SCHOOL DISTRICT failed and refused to respond in any way to said Complaint. As a result, Plaintiff has been prevented from further prosecuting her California Sex Equity in Education Act claim and appealing any decision thereon, and her ability to exhaust her administrative remedies has been frustrated.  Plaintiff cannot appeal a decision which Defendant KERN HIGH SCHOOL DISTRICT refuses to make, or prosecute an administrative Complaint under of the California Sex Equity in Education Act which Defendant KERN HIGH SCHOOL DISTRICT refuses to acknowledge or respond to.

### Events Prior To The Rape

63. Plaintiff is informed, believes and therefore alleges that, prior to the date Plaintiff was raped, employees and agents of Defendant KERN HIGH SCHOOL DISTRICT who were responsible for hiring, training, retaining and/or supervising Security Guards, Coaches and Monitors/Supervisors of study hall classes such as Defendant FRANCISCO GONZALEZ, including but not limited to Defendants JAIME QUINONEZ, CONNIE SACK, BRUCE HILL, PATRICK BLAKE, ABELARDO SIBECAS, and JAMES HUDSON, as well as other employees and agents of Defendant KERN HIGH SCHOOL DISTRICT, including but not limited to Defendant attendance personnel MARY ALEMAN and KATY RODRIGUEZ and Teacher Antonio Sanchez, were aware of complaints, had actual or constructive knowledge, and/or knew or should have known, that Defendant FRANCISCO GONZALEZ: (a) had engaged in prior sexual misconduct toward, or sexual harassment of, students, and particularly female students; and/or (b) Defendant FRANCISCO GONZALEZ posed a danger or threat to students, and particularly female students. Plaintiff is further informed, believes and therefore alleges that, prior to the date Plaintiff was raped, Defendant FRANCISCO GONZALEZ flirted with and spent an inordinate amount of time around underage high school girls, and had a well known reputation for such inappropriate conduct.

For example and without limitation:

(a) Defendant MARY ALEMAN, and/or other employees and agents of Defendant KERN HIGH SCHOOL DISTRICT, saw Defendant FRANCISCO GONZALEZ inappropriately kissing an underage high school girl. Defendant FRANCISCO GONZALEZ's conduct of inappropriately kissing an underage high school girl was, at minimum, in violation of California Penal Code § 647.6, which prohibits annoying or molesting a child under the age of 18.

(b) Teacher Antonio Sanchez had overheard female Shafter High School students complaining about the, at minimum, sexually harassing and/or threatening conduct of Defendant FRANCISCO GONZALEZ.

Defendant MARY ALEMAN and teacher Antonio Sanchez were "mandated reporters" within the meaning of California Penal Code § 11165.7(a). Despite receiving said information, neither Defendant MARY ALEMAN nor teacher made the report the Child Abuse and Neglect Reporting Act, California Penal Code § 11164 et seq., and more specifically California Penal Code § 11166(a), or engaged in any other investigative, corrective, remedial or reporting actions.

Despite said notice, actual knowledge and/or constructive knowledge, said employees and agents failed to report Defendant FRANCISCO GONZALEZ or take or initiate any action to control his conduct or to protect the students under his care, custody and control. (Plaintiff is further informed, believes and therefore alleges that one reason that Defendant MARY ALEMAN did not report that she had witnessed Defendant FRANCISCO GONZALEZ inappropriately kissing an underage high school girl, or taken other appropriate corrective action, was that Defendant MARY ALEMAN was dating, or had dated, Defendant FRANCISCO GONZALEZ.) Had said employees and

6

agents timely and properly performed their duty to report Defendant FRANCISCO GONZALEZ and/or take or initiate action to control his conduct and protect the students under his care, custody and control, Plaintiff would not have been sexually harassed, sexually assaulted and raped as alleged herein. As a result, the sexual harassment, sexual assault and/or rape of Plaintiff alleged herein were actually, directly, legally and proximately caused by the failure of said employees and agents to timely and properly perform their duty to report Defendant FRANCISCO GONZALEZ and/or take or initiate action to control his conduct and protect the students under his care, custody and control.

**Defendant FRANCISCO GONZALEZ Rapes Plaintiff**

64. Sometime during the spring of 2004, during Plaintiff's freshman year at Shafter High School, and when Plaintiff was fourteen years old, Plaintiff was a member of one of Shafter High School girl's softball teams. The team was coached and controlled by Defendant FRANCISCO GONZALEZ.  The team, including Plaintiff and Defendant FRANCISCO GONZALEZ, returned to Shafter High School, 526 Mannel Ave., Shafter, California, from an away game sometime in the early evening. Plaintiff, another student, and Defendant FRANCISCO GONZALEZ started putting the softball equipment in the special education room, Room #44. The other student was picked up by her parents a short time after they started placing the equipment in Room #44. By the time Plaintiff finished helping Defendant FRANCISCO GONZALEZ put the softball equipment away, most, if not all, of the students were gone.  Plaintiff then attempted to call her parents but was unable to contact them. Plaintiff told Defendant FRANCISCO GONZALEZ she would walk home. Defendant FRANCISCO GONZALEZ volunteered to drive Plaintiff home after everyone was gone. Defendant FRANCISCO GONZALEZ told Plaintiff that he could get in trouble if he was seen driving her home, so Defendant FRANCISCO GONZALEZ had Plaintiff wait in Room #44 until everyone was gone. When Plaintiff and Defendant FRANCISCO

7

GONZALEZ were inside Room #44 the lights were off and it was dark inside. Defendant FRANCISCO GONZALEZ told Plaintiff that his brother was in the porn business. Defendant FRANCISCO GONZALEZ told Plaintiff that, "with a body like yours, you will not have a problem paying your way through college." Defendant FRANCISCO GONZALEZ asked Plaintiff if she would ever consider taking her clothes off in front of someone else. Defendant FRANCISCO GONZALEZ then sexually harassed, sexually assaulted and raped Plaintiff.

65. While still in Room #44, walking to Defendant FRANCISCO GONZALEZ's vehicle, and driving Plaintiff home, Defendant FRANCISCO GONZALEZ repeatedly and in a stern, intimidating, threatening, and/or menacing manner threatened Plaintiff and instructed and ordered Plaintiff not to tell anyone what had happened and not to report the sexual assault and rape. In a stern, intimidating, threatening, and/or menacing manner Defendant FRANCISCO GONZALEZ warned Plaintiff that he "controlled" the security guards at Shafter High School. Plaintiff honestly and reasonably understood this statement to be a threat by Defendant FRANCISCO GONZALEZ against her. In a stern, intimidating, threatening, and/or menacing manner Defendant FRANCISCO GONZALEZ also warned Plaintiff that he was in "good" with the principal, staff and sports coaches at Shafter High School. In a stern, intimidating, threatening, and/or menacing manner Defendant FRANCISCO GONZALEZ also warned Plaintiff that if she reported the sexual assault and rape: (a) her high school career would be "ruined"; (b) her high school career would be "over"; (c) nobody would believe her; (d) she would be "in trouble'; and (e) her "life would be hell."

66. In addition, while still in Room #44, walking to Defendant FRANCISCO GONZALEZ's vehicle, and then driving Plaintiff home, Defendant FRANCISCO GONZALEZ continued to talk about the fact that his brother was in the porn business.

67. Plaintiff did not report the sexual harassment, sexual assault and rape because

she was traumatized, scared, intimidated, depressed, subjugated and honestly and reasonably believed the threats Defendant FRANCISCO GONZALEZ made against her.

Intimidation, Coercion, Threats Of Violence And Sexual Harassment After The Rape

68. During the period from the date of Plaintiff's sexual assault and/or rape in the spring of 2004 to on or about October 25, 2006, during Plaintiff's freshman, sophomore, junior and senior years, and while Plaintiff was fourteen, fifteen, sixteen and seventeen years old, Defendant FRANCISCO GONZALEZ consistently and continually glared at Plaintiff in a stern, intimidating, threatening, and/or menacing manner. During said period of time Defendant FRANCISCO GONZALEZ checked up on Plaintiff by, inter alia, asking students whether Plaintiff had "said anything about" him. During said period of time Defendant FRANCISCO GONZALEZ continued to intimidate, degrade, subjugate, impliedly threaten and sexually harass Plaintiff by, inter alia, walking or driving a security cart behind Plaintiff several times per week while Plaintiff was talking to other students and making sexually harassing, suggestive, degrading and subjugating comments, including but not limited to asking: (a) "are you lesbians"; (b) whether they engaged in various sexual acts; and (c) whether they would do various sexual acts in front of him. Defendant FRANCISCO GONZALEZ knew said sexual harassment and intimidation was unwelcome because, inter alia, Plaintiff would walk away and start crying.

69. During 2006 and/or 2007: (i) Defendant FRANCISCO GONZALEZ informed Defendants JAIME QUINONEZ and BRUCE HILL of purported "rumors" that he was having, and/or had had, sex with Plaintiff, then a minor; and (ii) Defendants JAIME QUINONEZ and BRUCE HILL were "mandated reporters" within the meaning of California Penal Code § 11165.7(a). Despite receiving said information, neither Defendant JAIME QUINONEZ nor Defendant BRUCE HILL investigated the allegations, informed or

9

questioned Plaintiff, informed Plaintiff's
parents, made the report the Child Abuse and
Neglect Reporting Act, California Penal Code
§ 11164 et seq., and more specifically
California Penal Code § 11166(a), or engaged
in any other investigative, corrective,
remedial or reporting actions. Instead, said
Defendants conspired and agreed to cover-up
the allegations. Indeed, Defendant FRANCISCO
GONZALEZ never heard from either Defendant
JAIME QUINONEZ or Defendant BRUCE HILL
regarding the allegations. By engaging in
said acts, conduct and omissions, and while
acting within the course and scope of their
employment with Defendant KERN HIGH SCHOOL
DISTRICT and under color of law, Defendants
JAIME QUINONEZ and BRUCE HILL approved,
countenanced and ratified the sexual
misconduct of Defendant JAIME QUINONEZ
alleged herein.

70. During the fall of 2006, Plaintiff's
senior year, Plaintiff was assigned to a
study hall class that was supervised by
Defendant FRANCISCO GONZALEZ. The class
contained approximately twenty students.
While Plaintiff was in said class, Defendant
FRANCISCO GONZALEZ glared at Plaintiff and
said, "Oh, I know you're here," to Plaintiff
in a stern, intimidating, threatening, and/or
menacing manner.  Scared, frightened and
traumatized, Plaintiff attempted to avoid
Defendant FRANCISCO GONZALEZ by transferring
to another class. Plaintiff's counselor
permitted Plaintiff to become a teacher's aid
in a history class. The change in Plaintiff's
schedule ultimately resulted, however, in
Plaintiff's assignment to another study hall
class during the fourth period that was also
supervised by Defendant FRANCISCO GONZALEZ.
Plaintiff was assigned to the fourth period
study hall class supervised by Defendant
FRANCISCO GONZALEZ without her prior
knowledge and without her consent. Plaintiff
was one of only two students in said homeroom
class, the other being a male student.
Defendant FRANCISCO GONZALEZ allowed the male
student to leave virtually anytime he wanted,
leaving Plaintiff alone in the class with
Defendant FRANCISCO GONZALEZ. When Plaintiff
attempted to avoid Defendant FRANCISCO

10

GONZALEZ by leaving the fourth period
homeroom class, Defendant FRANCISCO GONZALEZ:
(a) gave her permission to leave; but (b)
then got Plaintiff into trouble by lying and
telling another teacher that Plaintiff had
left the class without permission. As a
result, Plaintiff was trapped in the fourth
period homeroom class, frequently alone, with
Defendant FRANCISCO GONZALEZ. Defendant
FRANCISCO GONZALEZ started to talk to
Plaintiff about his brother in the porn
business, and told Plaintiff that he,
Defendant FRANCISCO GONZALEZ, had started a
"stripping" (i.e., erotic dancing) business
that employed men and women. Defendant
FRANCISCO GONZALEZ asked Plaintiff if she
wanted to work for his "stripping" (i.e.,
erotic dancing) business.

71. On or about October 25 and 26, 2006,
Plaintiff reported for the first time that
Defendant FRANCISCO GONZALEZ had sexually
harassed, sexually assaulted, and raped her.
During a field trip on or about October 25,
2006, Plaintiff told Shafter High School
teacher Antonio Sanchez that she knew
somebody who had been raped, and asked "What
happens if someone was raped by a person who
works on campus?" Teacher Antonio Sanchez
told Plaintiff that the rape victim needed to
come forward and report the rape to the
police. On or about October 26, 2006,
Plaintiff told teacher Antonio Sanchez that
the rapist was Defendant FRANCISCO GONZALEZ.
Later that day Plaintiff told teacher Antonio
Sanchez that Plaintiff was the victim of the
rape. The rape was reported to the Shafter
Police Department on or about October 27,
2006.

72. After Plaintiff reported on or about
October 25 and 26, 2006 that she had been
raped by Defendant FRANCISCO GONZALEZ,
Plaintiff returned to school. Plaintiff
returned to school, on or about Monday,
October 30, 2006. Thereafter, Plaintiff was
subjected to a consistent and continuing
pattern of student-on-student sexual
harassment on at least a daily basis that
caused her to cry, sob, be distracted, be
depressed, be emotionally upset, be

11

distraught, and be unable to function as a
student. Said consistent and continuing
pattern of student-on-student sexual
harassment included, for example, and without
limitation, students on at least a daily
basis:

      (a) calling Plaintiff a "whore";
      (b) calling Plaintiff a "slut";
      (c) mocking Plaintiff by saying
      "rape me";
      (d) spiting [sic] on Plaintiff;
      (e) pushing Plaintiff;
      (f) knocking Plaintiff's books out
      of Plaintiff's hands;
      (g) saying in Plaintiff's presence,
      "Oh don't touch her, or she'll say
      you raped her";

with the obvious and apparent result that
Plaintiff was distracted, depressed,
emotionally upset, distraught, was unable to
function as a student, and would cry and sob.

73. Because of the consistent and continuing
pattern of student-on-student sexual
harassment alleged herein, Plaintiff was
forced to stop attending school prior to the
Thanksgiving break with the obvious and
apparent result that Plaintiff was
distracted, depressed, emotionally upset,
distraught, was unable to function as a
student, and would cry and sob.

74. Plaintiff returned to school after the
Thanksgiving break. She was thereafter
subjected to same consistent and continuing
pattern of student-on-student sexual
harassment on at least a daily basis.

75. Employees, agents, teachers,
administrators and security guards of
Defendant KERN HIGH SCHOOL DISTRICT who were
responsible for supervising students, as well
as other employees and agents of Defendant
KERN HIGH SCHOOL DISTRICT, knew and were
aware of the consistent and continuing
pattern of student-on-student sexual
harassment of Plaintiff alleged herein. The
aforementioned student-on-student sexually
harassing conduct was performed in class, in

12

hallways, and in the quad in the presence of teachers, security guards and employees of Defendant KERN HIGH SCHOOL DISTRICT. Despite said knowledge and awareness, neither Defendant KERN HIGH SCHOOL DISTRICT nor any agent or employee thereof remedied the situation, protected Plaintiff, or stopped or prevented said consistent and continuing pattern of student-on-student sexual harassment of Plaintiff. For example, and without limitation:

(a) On or about the first day Plaintiff returned to school, on or about Monday, October 30, 2006, Defendant substitute security guard DENNIS STEWARD told Plaintiff that: (i) he was aware of what the other students were doing to Plaintiff (e.g., calling Plaintiff sexually harassing and derogatory names); (ii) "if he didn't see it, he couldn't do anything about it"; (iii) he had reported said conduct to Defendant Principal JAIME QUINONEZ and the other security guards. Thereafter, neither Defendant substitute security guard DENNIS STEWARD, Defendant Principal JAIME QUINONEZ nor any of the security guards addressed the situation, disciplined any of the involved students, protected Plaintiff, or prevented or remedied the harassment.

(b) Defendant substitute security guard DENNIS STEWARD further informed Plaintiff that other security guards did not want to get involved because they: (i) were afraid of losing their jobs; (ii) did not want to get into trouble; and (iii) did not want to make anyone mad at them.

(c) Thereafter, Plaintiff's father, Bradley Jones, received a telephone call from Defendant history teacher PABLO REYES. During said conversation, Defendant history

13

teacher PABLO REYES indicated that
he was aware of the situation, but
complained that Plaintiff's
behavior of becoming distraught and
upset during class in response to
the student-on-student sexual
harassment was a "distraction"
and/or an "interruption."

(d) Thereafter, on at least three
occasions, Plaintiff's father,
Bradley Jones, called Defendant
Principal JAIME QUINONEZ at Shafter
High School to complain about the
student-on-student sexual
harassment of Plaintiff, his
daughter. Despite said complaints,
Defendant Principal JAIME QUINONEZ
did not address the situation,
discipline any of the involved
students, protect Plaintiff, or
prevent or remedy the harassment.

(e) When Plaintiff was acting as a
student aid in history class,
fellow students called Plaintiff a
"whore" and/or a "slut." A teacher,
employee, and/or agent of Defendant
KERN HIGH SCHOOL DISTRICT was
present. (Plaintiff believes that
the teacher who was present was a
substitute teacher, but does not
know and/or recall his name.)
However, said teacher, employee,
and/or agent did not address the
situation, discipline any of the
involved students, protect
Plaintiff, or prevent or remedy the
harassment.

(f) When Plaintiff walked through
the gym, fellow students called
Plaintiff a "whore" and/or a
"slut." One or more teachers,
employees, and/or agents of
Defendant KERN HIGH SCHOOL DISTRICT
were present. Plaintiff is
informed, believes and therefore
alleges that the following
teachers, employees, and/or agents
of Defendant KERN HIGH SCHOOL

14

DISTRICT were present at the time:
(i) Defendant PATTY LEIBLE; (ii)
Defendant DIRK McJUNKIN; (iii)
Defendant VICKI SHOENHAIR; and/or
(iv) Defendant MATT GODBEHERE. None
of the teachers, employees, and/or
agents of Defendant KERN HIGH
SCHOOL DISTRICT who were present
addressed the situation,
disciplined any of the involved
students, protected Plaintiff, or
prevented or remedied the
harassment.

(g) In the presence of Plaintiff's
brother, Gabriel Jones, non-
defendant Adrianna Reyna, a student
at Shafter High School and the
sister-in-in law of Defendant
FRANCISCO GONZALEZ: (i) told
members of the Shafter High School
cross-country team about
Plaintiff's allegations that she
had been raped by Defendant
FRANCISCO GONZALEZ; (ii) told
members of the cross-country team
that Plaintiff had lied when she
said she had been raped by
Defendant FRANCISCO GONZALEZ; (iii)
told members of the cross-country
team that her (i.e., non-defendant
Adrianna Reyna's) father,
identified herein as Defendant DOE
31, had told her "to get the word
out that Krista was lying"; and
(iv) made sexually demeaning,
derogatory and harassing comments
about and concerning Plaintiff. One
or more teachers, employees, and/or
agents of Defendant KERN HIGH
SCHOOL DISTRICT, including but not
limited to Defendant TERRY LEWIS,
coach of the Shafter High School
cross-country team, were present.
None of the teachers, employees,
and/or agents of Defendant KERN
HIGH SCHOOL DISTRICT who were
present addressed the situation,
disciplined any of the involved
students, protected Plaintiff, or
prevented or remedied the

15

harassment. Further, at the times
non-defendant Adrianna Reyna and
her father, identified herein as
Defendant DOE 31, stated that
Plaintiff had not been raped by
Defendant FRANCISCO GONZALEZ they:
(a) knew such statement was false;
(b) were reckless with regard to
the truth or falsity of the
statement; or (c) were, at minimum,
negligent with regard to the truth
or falsity of the statement.

(h) Central Valley High School was
a continuation school that was held
on the campus of Shafter High
School. During a class held at
Central Valley High School,
Defendant teacher MR. GUTIERREZ did
the following. The day the story
about Defendant FRANCISCO
GONZALEZ's rape of Plaintiff was
published in the local newspaper,
Defendant teacher MR. GUTIERREZ
placed a copy of the newspaper
article on each desk. Defendant
teacher MR. GUTIERREZ then
instructed his students to write
about the case, including why
Plaintiff had lied, and whether
Plaintiff had made the allegations
to get attention. When Plaintiff's
father, Bradley Jones, discovered
this incident, he complained to
Defendant Principal JAIME QUINONEZ.

(i) After Plaintiff returned to
school after the Thanksgiving
break, Plaintiff's father, Bradley
Jones, called Defendant Principal
JAIME QUINONEZ several times per
week, if not daily, to complain
about the student-on-student sexual
harassment of Plaintiff. Despite
said complaints, Defendant
Principal JAIME QUINONEZ did not
address the situation, discipline
any of the involved students,
protect Plaintiff, or prevent or
remedy the harassment.

16

1

2

3

4

5

6

7

8

9

10

11

  **(j) Defendant ANA CATAÑO, a Spanish language teacher, during class made comments and statements concerning Plaintiff and the event during which Defendant FRANCISCO GONZALEZ raped Plaintiff that, or to the effect that, Plaintiff was lying, must be lying, or not otherwise not telling the truth because Defendant FRANCISCO GONZALEZ was a good guy who would never rape Plaintiff, or anyone else, or do anything like that. In addition, Defendant ANA CATAÑO was present, perceived and witnessed students making sexually degrading and harassing comments concerning Plaintiff but failed to address the situation, report the misconduct, discipline any of the involved students, or prevent or remedy the harassment.**

12

13

14

15

16

17

18

19

20

21

22

23

24

**76. Eventually the depression, stress, tension and emotional devastation caused by the student-on-student sexual harassment became unbearable. As a result a meeting was held between Plaintiff, Plaintiffs' parents, and Defendant JAMES HUDSON, a counselor at Shafter High School, and Defendant JAIME QUINONEZ, the Principal of Shafter High School. At said meeting Plaintiff was effectively forced to leave Shafter High School and go on Independent Study. Defendant [sic] was effectively forced to leave Shafter High School because, in addition to all of the intentional, negligent and otherwise wrongful conduct and the resulting harm and damage alleged herein, at said meeting Defendants JAMES HUDSON and Defendant JAIME QUINONEZ refused to take action to protect Plaintiff or to remedy the ongoing teacher-on-student and student-on-student sexual harassment. As a result of being forced to go on Independent Study, Plaintiff suffered, inter alia, the following serious educational detriment:**

25

  **(a) Plaintiff was deprived of professional educational instruction.**

26

17

(b) Plaintiff could no longer take Honor's classes, which put her at a competitive disadvantage with regard to being admitted to the college of her choice.

(c) Plaintiff could no longer participate in Honor's Chorus.

(d) Plaintiff could no longer participate in Band.

(e) Plaintiff could no longer participate in Drumline.

(f) Plaintiff could no longer participate in mock trial. Plaintiff had been serving as a prosecutor in mock trial, but was forced to give up the position because she would not be on campus.

(g) Plaintiff had planed to participate on the track team, but would not be able to do so because she would not be on campus.

(h) Plaintiff's ability to apply for and be admitted to college was adversely affected because, in addition to all of the other reasons alleged here, her transcripts indicated that she was "independent study" instead of attending regular academic classes.

In addition, Plaintiff and her parents were informed that, despite being forced out of Shafter High School because of un-remedied student-on-student sexual harassment, Plaintiff did not qualify to have a teacher instruct Plaintiff in her home because a "medical release" would be required. Thus, Plaintiff was further deprived of professional educational instruction.

77. For the following reasons all of the wrongful conduct and resulting damages and injuries alleged herein are actionable and no claim or request for damages is barred by any statute of limitations.  First, California

18

1          Government Code § 911.3(a) provides:

2               When a claim that is required by
                Section 911.2 to be presented not
3               later than six months after accrual
                of the cause of action is presented
4               after such time without the
                application provided in Section
5               911.4, the board or other person
                designated by it may, at any time
6               within 45 days after the claim is
                presented, give written notice to
7               the person presenting the claim
                that the claim was not filed timely
8               and that it is being returned
                without further action.  The notice
9               shall be in substantially the
                following form:

10
                     "The claim you presented
11                   to the (insert title of
                     board or officer) on
12                   (indicate date) is being
                     returned because it was
13                   not presented within six
                     months after the event or
14                   occurrence as required by
                     law. See Sections 901 and
15                   911.2 of the Government
                     Code. Because the claim
16                   was not presented within
                     the time allowed by law,
17                   no action was taken on
                     the claim.

18
                     Your only recourse at
19                   this time is to apply
                     without delay to (name of
20                   public entity) for leave
                     to present a late claim.
21                   See Sections 911.4 to
                     912.2, inclusive, and
22                   Section 946.6 of the
                     Government Code. Under
23                   some circumstances, leave
                     to present a late claim
24                   will be granted. See
                     Section 911.6 of the
25                   Government Code.

26                   You may seek the advice

                              19

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

> of an attorney of your
> choice in connection with
> this matter. If you
> desire to consult an
> attorney, you should do
> so immediately."

Cal. Gov. Code § 911.3(a). See Dixon v. City
of Turlock (1990) 219 Cal.App.3d 907, 911
("The purpose of the section 911.3 notice is
to assure that the claimant distinguishes
between a claim rejected on its merits and
one returned as untimely."); Rason v. Santa
Barbara City Housing Authority (1988) 201
Cal.App.3d 817, 830 (same).

As noted above, Plaintiff timely complied
with the California Tort Claims Act,
California Government Code § 910 et seq., on
April 11, 2007. Defendant Kern High School
District did not serve a notice in the form,
or substantially in the form, required by
California Government Code § 911.3(a).
Instead, by letter dated April 27, 2007
addressed to Plaintiff's counsel, Defendant
Kern High School District stated:

> You are hereby notified that on
> April 27, 2007, The Kern High
> School District rejected the claim
> which was filed on April 11, 2007,
> on behalf of Krista Jones for
> alleged damages which occurred in
> spring of 2004.
>
> The following information is
> provided to you as prescribed by
> Section 913 of the California
> Government Code:
>
> WARNING
>
> Subject to certain
> exceptions, you have only
> six (6) months from the
> date of this notice was
> personally delivered or
> deposited in the mail to
> file a state court action
> on this claim. See
> Government Code Section

20

945.6.

Thus, Defendant Kern High School District did not: (i) serve the notice in the form, or substantially in the form, required by California Government Code § 911.3(a); (ii) advise Plaintiff that the Claim was "being returned because it was not presented within six months after the event," but instead decided and rejected the Claim on the merits; (iii) advise Plaintiff that her "recourse [was] to apply without delay to [Kern High School District] for leave to present a late claim"; or (iv) even mention or refer to "Sections 911.4 to 912.2, inclusive, and Section 946.6" of the California Government Code.

Significantly, California Government Code § 911.3(b) provides:

> Any defense as to the time limit for presenting a claim described in subdivision (a) is waived by failure to give the notice set forth in subdivision (a) within 45 days after the claim is presented, except that no notice need be given and no waiver shall result when the claim as presented fails to state either an address to which the person presenting the claim desires notices to be sent or an address of the claimant.

Cal. Gov. Code § 911.3(b). Because in the present case the Claim stated both the address to which the person presenting the claim desired notices to be send, as well as the address of the Claimant, and because Defendant Kern High School District failed "to give the notice set forth in subdivision (a) within 45 days after the claim was presented," "[a]ny defense as to the time limit for presenting a claim described in subdivision (a) [was] waived." See Cal. Gov. Code 911.3(b).

78. In addition and, if necessary, in the alternative to the allegations of paragraph 75 above, Plaintiff did not report that

21

Defendant FRANCISCO GONZALEZ had sexually
harassed, sexually assaulted, and raped her
until on or about October 25 and 26, 2006,
because, as alleged above, at and around the
time of the sexual assault and/or rape,
Defendant FRANCISCO GONZALEZ repeatedly and
in a stern, intimidating, threatening, and/or
menacing manner threatened Plaintiff and
instructed and ordered Plaintiff not to tell
anyone what had happened and not to report
the sexual assault and/or rape. In a stern,
intimidating, threatening, and/or menacing
manner Defendant FRANCISCO GONZALEZ warned
Plaintiff that he "controlled" the security
guards at Shafter High School. Plaintiff
reasonably understood this statement to be a
threat by Defendant FRANCISCO GONZALEZ
against her. In a stern, intimidating,
threatening, and/or menacing manner Defendant
FRANCISCO GONZALEZ also warned Plaintiff that
he was in "good" with the principal, staff
and sports coaches at Shafter High School. In
a stern, intimidating, threatening, and/or
menacing manner Defendant FRANCISCO GONZALEZ
also warned Plaintiff that if she reported
the sexual assault and rape: (a) her high
school career would be "ruined"; (b) her high
school career would be "over"; (c) nobody
would believe her; (d) she would be "in
trouble"; and (e) her "life would be hell."

Thereafter, during the period from 2004 to
October 25, 2006, during Plaintiff's
freshman, sophomore, junior and senior years,
and while Plaintiff was fourteen, fifteen,
sixteen and seventeen years old, Defendant
FRANCISCO GONZALEZ consistently and
continually glared at Plaintiff in a stern,
intimidating, threatening, and/or menacing
manner. During said period of time Defendant
FRANCISCO GONZALEZ checked up on Plaintiff
by, inter alia, asking students whether
Plaintiff had "said anything about" him.
During said period of time Defendant
FRANCISCO GONZALEZ continued to intimidate,
degrade, subjugate, impliedly threaten and
sexually harass Plaintiff several times per
week by, inter alia, walking up behind
Plaintiff while Plaintiff was talking to
other students and asking: (a) "are you
lesbians?"; (b) whether they engaged in

various sexual acts; and (c) whether they would do various sexual acts in front of him. As an actual, direct, proximate and legal result, Plaintiff was, and continued to be scared, intimidated, frightened, depressed and subjugated.

As a result, Defendants, and each of them, are estopped from asserting that any part of this Complaint is not timely pursuant to the decisions in, inter alia, John R. v. Oakland Unified School Dist. (1989) 48 Cal.3d 438, 445-446, Doe v. Bakersfield City School Dist. (2006)136 Cal.App.4th 556, 573-574, and Christopher P. v. Mojave Unified School Dist. (1993) 19 Cal.App.4th 165, 170-171.

79. In addition and, if necessary, in the alternative to the allegations of paragraph 75 and 76 above, Plaintiff's parents, Bradley Jones and Corrina Jones, did not become aware that Plaintiff had been sexually harassed, sexually assaulted and raped until she reported the sexual harassment, sexual assault and/or rape on or about October 25 and 26, 2006. Because it is the knowledge of the minor's parents, rather than that of the minor, that starts the time of accrual, see Young v. Haines (1986) 41 Cal.3d 883, 890, n.4, Whitfield v. Roth (1974) 10 Cal.3d 874, 885, Jefferson v. County of Kern (2002) 98 Cal.App.4th 606, 610, County of Los Angeles v. Superior Court (Crystal B., Steven G., Anita G.) (2001) 91 Cal.App.4th 1303, 1309, Reyes v. County of Los Angeles (1988) 197 Cal.App.3d 584, 592, Dujardin v. Ventura County Gen. Hosp. (1977) 69 Cal.App.3d 350, 358, Wozniak v. Peninsula Hospital (1969) 1 Cal.App.3d 716, 725, this Claim is therefore timely, in its entirety, and all of the wrongful conduct and resulting damages and injuries alleged herein are actionable and no claim or request for damages is barred by any statute of limitations.

80. In addition and, if necessary, in the alternative to the allegations of paragraphs 75, 76 and 77 above, this Complaint is timely, in its entirety, and all of the wrongful conduct and resulting damages and injuries alleged herein are actionable and no

23

claim or request for damages is barred by any statute of limitations, because, as articulated in, e.g., Sellery v. Cressey (1996) 48 Cal.App.4th 538, 547-548, Lent v. Doe (1995) 40 Cal.App.4th 1177, 1186, see also Dutra v. Eagleson (2006) 146 Cal.App.4th 216, 230, although Plaintiff did not repress the memory of her rape, Plaintiff did not discover and understand the connection between her sexual abuse and her psychological ailments until her conversation with teacher Antonio Sanchez on or about October 25, 2006 as alleged above.

81. In addition and, if necessary, in the alternative to the allegations of paragraphs 75, 76, 77 and 78 above, this Complaint is timely, in its entirety, and all of the wrongful conduct and resulting damages and injuries alleged herein are actionable and no claim or request for damages is barred by any statute of limitations, for the reasons articulated in, e.g., Yanowitz v. L'Oreal USA, Inc., 36 Cal.4th 1028, 32 Cal.Rptr.3d 436 (2005), Richards v. CH2M Hill, Inc., 26 Cal.4th 798, 111 Cal.Rptr.2d 87 (2001), Birschtein v. New United Motor Mfg., Inc., 92 Cal.App.4th 994, 112 Cal.Rptr.2d 347 (2001), Murray v. Oceanside Unified School Dist., 79 Cal.App.4th 1338, 95 Cal.Rptr.2d 28 (2000), and because beginning in sometime during the spring of 2004, when Plaintiff was in her freshman year at Shafter High School, and Plaintiff was fourteen years old, and continuing through October 25 or 26, 2006, Defendant FRANCISCO GONZALEZ and thereafter fellow students engaged in and performed a continuous, consistent and tortious pattern of sexually discriminatory, harassing and degrading conduct directed towards, to, on, upon, and about Plaintiff.

82. As noted above, Plaintiff alleges and contends that: (a) on April 11, 2007 she timely complied with the California Tort Claims Act, California Government Code § 910 et seq.; and/or, in any event (b) all of the wrongful conduct and resulting damages and injuries alleged herein are actionable and no claim or request for damages is barred by any statute of limitations. Nevertheless, in the

24

event that the Court or jury determines that
Plaintiff's Government Tort Claim was
untimely in any respect, Plaintiff has, out
of an abundance and caution and strictly in
the alternative, filed herewith a Petition
For Order Relieving Petitioner From The Claim
Presentation Requirements Of Government Code
§ 945.4. Plaintiff may properly allege: (a)
that her Government Tort Claim was timely;
and, in the alternative (b) that if her
Government Tort Claim was not timely, she is
entitled to late claim relief. See Mandjik v.
Eden Township Hospital District (1992) 4
Cal.App..4th 1488, 1499, Santee v. Santa
Clara County Office of Education (1990) 220
Cal.App.3d 702, 712, n.6; Rason v. Santa
Barbara City Housing Authority (1988) 201
Cal.App.3d 817, 828, n.5. Further, the fact
that Plaintiff has simultaneously filed a
Petition for Order Relieving Petitioner from
the Claim Presentation Requirements of
Government Code § 945.4 does not deprive
Plaintiff of her right to jury trial on all
issues triable to a jury. See Jefferson v.
County of Kern (2002) 98 Cal.App.4th 606,
620. Plaintiff does not waive her right to a
jury trial as to any factual issue, including
but not limited to the factual issues
concerning the accrual of her causes of
action.

83. As an actual, direct, proximate and legal
result of the wrongful conduct of Defendants,
and each of them, as alleged herein,
Plaintiff suffered physical, mental, and
emotional injuries, suffered serious
educational detriment, incurred medical
expenses, and will incur future medical
expenses and lost future earnings in an
amount to be proven at trial.

The TAC alleges Twenty-Three causes of action.  The District
and the Employee Defendants move to dismiss the First, Second,
Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Eleventh,
Twelfth, Seventeenth, and Twenty-Third Causes of Action.

B.   <u>GOVERNING STANDARDS</u>.

25

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Novarro v. Black*, 250 F.3d 729, 732 (9th Cir.2001). "A district court should grant a motion to dismiss if plaintiffs have not pled 'enough facts to state a claim to relief that is plausible on its face.'" *Williams ex rel. Tabiu v. Gerber Products Co.,* 523 F.3d 934, 938 (9th Cir.2008), quoting *Bell Atlantic Corp. v. Twombley*, ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007). "'Factual allegations must be enough to raise a right to relief above the speculative level.'" *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic, id.* at 1964-1965. Dismissal of a claim under Rule 12(b)(6) is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party.

*Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002).  However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations.  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir.2003).

Immunities and other affirmative defenses may be upheld on a motion to dismiss only when they are established on the face of the complaint.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir.1999); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)  When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice.  *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-706 (9th Cir.1988).

C.  <u>FIRST CAUSE OF ACTION FOR FAILURE TO PREVENT TEACHER-ON-STUDENT AND STUDENT-ON-STUDENT SEXUAL HARASSMENT IN VIOLATION OF PLAINTIFF'S RIGHTS UNDER TITLE IX OF THE EDUCATION AMENDMENTS ACT OF 1972, 20 U.S.C. §§ 1681-1688.</u>

The First Cause of Action is alleged against the District only.  After realleging Paragraphs 1-83, the First Cause of Action alleges:

85. In engaging in and performing the acts, omissions and conduct alleged above, and satisfying the test set forth in Gebser v. Lago Vista Independent School Dist., 524 U.S. 274, 290, 118 S.Ct. 1989, 1999, 141 L.Ed.2d 277 (1998) (teacher on student sexual harassment), and Davis Next Friend LaShonda D. v. Monroe County Board of Education, 526 U.S. 629, 633, 119 S.Ct. 1661, 1666, 143

L.Ed.2d 839 (1999) (student on student sexual harassment), officials of Defendant KERN HIGH SCHOOL DISTRICT, who at a minimum had authority to address the alleged sexual harassment alleged herein, and to institute corrective measures on the behalf of Defendant KERN HIGH SCHOOL DISTRICT, including but not limited to Defendants FRANCISCO GONZALEZ, JAIME QUINONEZ, CONNIE SACK, BRUCE HILL, PATRICK BLAKE, ABELARDO SIBECAS, MARY ALEMAN, KATY RODRIGUEZ, DENNIS STEWARD, PABLO REYES, PATTY LEIBLE, DIRK McJUNKIN, VICKI SHOENHAIR, MATT GODBEHERE, TERRY LEWIS, MR. GUTIERREZ, JAMES HUDSON, ANA CATAÑO, and DOES 94 through 200, inclusive, had actual knowledge of the teacher on student and/or student-on-student sexual harassment and discrimination alleged herein and failed adequately to respond; and, indeed were deliberately indifferent to the sexual harassment and discrimination. Further, said sexual harassment and discrimination was so severe, pervasive, and objectively offensive that it effectively barred Plaintiff's access to one or more educational opportunities or benefits.

86. Said deliberate indifference caused Plaintiff "'to undergo harassment or make her liable or vulnerable to it,'" Stanley v. Trustees of California State University, 433 F.3d 1129, 1137 (9th Cir. 2006) (quoting Davis Next Friend Lashonda D. V. Monroe County Board Of Education, 526 U.S. 629, 645, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999)).

87. Moreover, the response of Defendant KERN HIGH SCHOOL DISTRICT to the sexually harassing and discriminatory conduct alleged herein was, "'clearly unreasonable in light of the known circumstances,'" Oden v. Northern Marianas College, 440 F.3d 1085, 1089 (9th Cir. 2006) (quoting Davis Next Friend Lashonda D. V. Monroe County Board Of Education, 526 U.S. 629, 648, 119 S.Ct. 1661, 1674, 143 L.Ed.2d 839 (1999)), cert. denied, 127 S.Ct. 108, 166 L.Ed.2d 32 (2006)).

88. As a result, said acts, omissions and conduct are actionable against Defendant KERN HIGH SCHOOL DISTRICT under 20 U.S.C. § 1681 –

28

1   1688, pursuant to the decision in, inter
    alia, Davis Next Friend Lashonda D. V. Monroe
2   County Board Of Education, 526 U.S. 629, 633,
    119 S.Ct. 1661, 1666, 143 L.Ed.2d 839 (1999).
3
    89. As an actual, direct, proximate and legal
4   result of the wrongful conduct of Defendants,
    and each of them, alleged herein, Plaintiff
5   incurred, and is entitled to recover, general
    and special damages, including but not
6   limited to: Plaintiff: (a) suffered and
    incurred severe physical injuries, severe
7   emotional injuries and distress, medical
    expenses, and significant educational
8   detriment; and (b) will suffer and incur
    future continuing emotional distress, medical
9   expenses and educational detriment.

10  90. As an actual, direct, proximate and legal
    result of the wrongful conduct of Defendants,
11  and each of them, alleged herein, Plaintiff
    was forced to stop attending Shafter High
12  School for her own safety. As a result,
    Plaintiff suffered severe educational
13  detriment.

14      The District argues that the First Cause of Action fails to

15  state a claim upon which relief can be granted because it is

16  unclear whether each of the individually named defendants had

17  actual knowledge of the alleged teacher-on-student harassment,

18  student-on-student harassment or both.  District notes that

19  although the TAC alleges that Defendants Sack, Hill, Blake,

20  Sibecas, Aleman and Rodriguez had actual knowledge, none of these

21  Defendants are identified in the Factual Allegations or elsewhere

22  in the TAC as having any knowledge of the alleged harassment on

23  which the First Cause of Action is based.

24      Plaintiff responds that, because the First Cause of Action

25  is alleged only against the District, the individually named

26  Defendants are not under a burden to respond to specific

allegations against them separately in the First Cause of Action. Plaintiff refers of the allegations in Paragraph 63(a) & (b) that Defendants Aleman and Sanchez either viewed Defendant Gonzalez inappropriately kissing an underage student or overheard female students complaining about the allegedly sexually harassing or threatening conduct of Defendant Gonzalez, but did not report it as required by the California Penal Code.

The District moves to dismiss the First Cause of Action to the extent that the cause of action is based on *Gebser v. Lago Vista Independent School Dist.*, 524 U.S. 290 (1998), because of an absence of facts to establish teacher-on-student harassment by any Defendant other than Defendant Gonzalez.

In *Gebser*, the Supreme Court held that damages are available under Title IX for teacher-on-student sexual harassment only if "an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of the discrimination in the recipient's programs and fails to adequately respond." 524 U.S. at 290.  The Supreme Court expressly declined to impose liability on "principals of *respondeat superior* or constructive notice," instead demanding actual notice to an official of the defendant.  *Id.* at 285.  The Supreme Court further held that the failure to adequately respond "must amount to deliberate indifference to discrimination."  *Id.* at 290.  The "high standard imposed in *Gebser* sought to eliminate any 'risk that the recipient would be liable in damages not for its own official

30

1  decision but instead for its employees' independent actions."

2  *Davis v. Monroe Cty. Sch. Dist.*, 526 U.S. 629, 643 (1999).

3       The District argues that the factual allegations in the TAC

4  fail to state the grounds upon which her claim of actual

5  knowledge of teacher-on-student sexual harassment is based or how

6  any of the Employee Defendants qualify as officials with the

7  authority to address the alleged teacher-on-student sexual

8  harassment and how they failed to adequately respond.  The

9  District contends that the TAC "invites the inference that the

10 District attempted to address the alleged discrimination, when

11 Defendant Hudson held a meeting with Plaintiff and her parents."

12 The District argues:

13           The TAC complains that Plaintiff was
             'effectively forced' to stop attending
14           school, thus denying her the right to the
             facilities of education.  Yet, no facts are
15           offered for this conclusory characterization
             of effective force.

16

17      Plaintiff alleges each of the Employee Defendants had actual

18 knowledge of the teacher-on-student sexual harassment and as

19 having the authority to correct it.  The District's contentions

20 appear raise questions of fact.  The same is true with the

21 District's contentions regarding its alleged response; whether

22 the response amounts to deliberate indifference is a mixed

23 question of law and fact more appropriately addressed at summary

24 judgment or trial.

25      The Supreme Court in *Davis v. Monroe Cty. Sch. Dist.*, *supra,*

26 526 U.S. 629, addressed student-on-student sexual harassment

claims under Title IX.  In *Reese v. Jefferson School Dist. No. 14J*, 208 F.3d 736 (9th Cir.2000), the Ninth Circuit addressed the *Davis* requirements:

> ... [T]he *Davis* Court set forth four requirements for the imposition of school district liability under Title IX for student-student harassment.  First, a school district's liability is limited 'to circumstances wherein the recipient exercises substantial control over both the harasser and the context in which the known harassment occurs.'  *Id.* at 1672.
>
> Second, a school district can be held liable in damages only where the plaintiff suffers 'sexual harassment ... that is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to educational opportunities or benefits provided by the school.'  *Id.* at 1675. Explaining this requirement, the *Davis* Court directed that '[c]ourts ... must bear in mind that schools are unlike the adult workplace and that children may regularly interact in a manner that would be unacceptable for adults.'  *Id.*  Accordingly, '[d]amages are not available for simple acts of teasing and name-calling among school children ... even where these comments target differences in gender.'  *Id.*
>
> Third, a school district is liable in damages only where it has 'actual knowledge' of the harassment.  *Davis*, 119 S.Ct. at 1675.  In *Gebser*, the Court explained the actual knowledge requirement and announced that damages may not be recovered unless an official 'who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of discrimination.'  *Gebser*, 524 U.S. at 290
> ....
>
> Fourth, '[i]f a funding recipient does not engage in harassment directly, it may not be liable for damages unless its deliberate indifference subjects its students to

32

1          harassment.  That is, the deliberate
        indifference must, at a minimum, cause
2          students to undergo harassment or make them
        liable to or vulnerable to it.'  *Davis*, 119
3          S.Ct. at 1672 ... The Court explained that
        'deliberate indifference' occurs 'only where
4          the recipient's response to the harassment or
        lack thereof is clearly unreasonable in light
5          of the known circumstances.'  *Id.* at 1674.

6      The District argues that the First Cause of Action does not

7  state a claim for student-on-student harassment under Title IX:

8          The TAC asserts that a response was made; and
        it was made during a meeting with Defendant
9          Hudson in which Plaintiff was 'effectively
        forced' out of school.  However, the TAC is
10         uninformative as to whether or not Hudson,
        assuming that he is an appropriate official
11         for purposes of Plaintiff's TAC, responded in
        a clearly unreasonable way.  The only fact
12         given regarding the response is that a
        medical release needed to be signed if
13         Plaintiff was to have in-home instruction.
        The only reasonable inference to be drawn
14         from these facts is that District, through
        Defendant Hudson, attempted to respond, but
15         Plaintiff did not approve of the proposed
        response.
16

17     Plaintiff responds that the TAC alleges that Defendant

18 Hudson's demand that she obtain a medical release occurred after

19 Plaintiff had effectively been forced to leave Shafter High

20 School and had suffered educational detriment.

21     Again, Plaintiff's attempt to include each of the Employee

22 Defendants as having actual knowledge of the student-on-student

23 sexual harassment and as having the authority to correct it is

24 broad, but the allegations have been made.  The District's

25 contentions raise questions of fact, not pleading.  The same is

26 true of the District's contentions regarding the alleged

response; whether the response amounts to deliberate indifference
is a mixed question of law and fact more appropriately addressed
at summary judgment or trial.

    The motion to dismiss the First Cause of Action is DENIED.

    D.   **SECOND CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S**
**RIGHTS UNDER THE FOURTH AMENDMENT, THE EQUAL PROTECTION CLAUSE OF**
**THE FOURTEENTH AMENDMENT, AND TITLE IX OF THE EDUCATION**
**AMENDMENTS ACT OF 1972, 20 U.S.C. §§ 1681-1688, PURSUANT TO 42**
**U.S.C. § 1983**.

    The Second Cause of Action is alleged against the
individually named moving Defendants, as well as other non-moving
defendants.  After incorporating all preceding allegations, the
Second Cause of Action alleges:

    93. In engaging in and performing the acts,
    omissions and conduct alleged above,
    Defendant FRANCISCO GONZALEZ violated
    Plaintiff's rights under the Fourth Amendment
    to the Constitution of the United States by
    seizing, assaulting and battering Plaintiff
    under color of law without a warrant,
    probable cause, or exigent circumstances.

    94. In engaging in and performing the acts,
    omissions and conduct alleged above,
    Defendants FRANCISCO GONZALEZ, JAIME
    QUINONEZ, CONNIE SACK, BRUCE HILL, PATRICK
    BLAKE, ABELARDO SIBECAS, MARY ALEMAN, KATY
    RODRIGUEZ, DENNIS STEWARD, PABLO REYES, PATTY
    LEIBLE, DIRK McJUNKIN, VICKI SHOENHAIR, MATT
    GODBEHERE, TERRY LEWIS, MR. GUTIERREZ, JAMES
    HUDSON, ANA CATAÑO, and DOES 94 through 200,
    inclusive, performed acts, omissions and
    conduct under color of state law that
    discriminated against Plaintiff on the basis
    of her sex in violation of the Equal
    Protection Clause of the Fourteenth
    Amendment, and such discrimination was either
    intentional or occasioned by deliberate

indifference. Said acts, omissions and conduct are actionable under 42 U.S.C. § 1983 pursuant to the decisions in, inter alia, Flores v. Morgan Hill Unified School District, 324 F.3d 1130, 1135 (9th Cir. 2003), and Michelle M. v. Dunsmuir Joint Union Cal School District, 2006 WL 2927485, at *6 (E.D. Cal. 2006).

95. In addition, in engaging in and performing the acts, omissions and conduct alleged above, Defendants FRANCISCO GONZALEZ, JAIME QUINONEZ, CONNIE SACK, BRUCE HILL, PATRICK BLAKE, ABELARDO SIBECAS, MARY ALEMAN, KATY RODRIGUEZ, DENNIS STEWARD, PABLO REYES, PATTY LEIBLE, DIRK McJUNKIN, VICKI SHOENHAIR, MATT GODBEHERE, TERRY LEWIS, MR. GUTIERREZ, JAMES HUDSON, ANA CATAÑO, and DOES 94 through 200, inclusive, performed acts, omissions and conduct under color of state law that deprived Plaintiff of her rights under Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681 – 1688, and such discrimination was either intentional or occasioned by deliberate indifference. Said acts, omissions, and conduct are actionable under 42 U.S.C. § 1983 pursuant to the decisions in, inter alia, Annamaria M v. Napa Valley Unified School Dist., 2006 WL 1525733, at *7 (N.D. Cal. 2006), O.H. v. Oakland Unified School Dist., 2000 WL 33376299, at *15 (N.D. Cal. 2000), Nicole M. By and Through Jacqueline M. v. Martinez Unified School Dist., 964 F.Supp. 1369, 1379–1381 (N.D. Cal. 1997), and Oona R.-S. by Kate S. v. Santa Rosa City Schools, 890 F.Supp. 1452, 1461–1462 (N.D. Cal. 1995), see Gonzaga University v. Doe, 536 U.S. 273, 284, 122 S.Ct. 2268, 2275,153 L.Ed.2d 309 (2002) ("We have recognized, for example, that Title VI of the Civil Rights Act of 1964 and Title IX of the Education Amendments of 1972 create individual rights because those statutes are phrased 'with an unmistakable focus on the benefitted class.'"), Communities for Equity v. Michigan High School Athletic Ass'n, 459 F.3d 676, 691 (6th Cir. 2006), Delgado v. Stegall, 367 F.3d 668, 675 (7th Cir. 2004), Crawford v. Davis, 109 F.3d 1281, 1284 (8th Cir. 1997), Seamons v. Snow, 84 F.3d 1226, 1234 (10th Cir. 1996).

35

Defendants move to dismiss the Second Cause of Action on the same grounds they assert to dismiss the First Cause of Action. *See discussion supra*.

For the reasons stated above, the motion to dismiss the Second Cause of Action on this ground is DENIED.

In addition, Defendants assert that Plaintiff has failed to identify facts under which the Employee Defendants can be held liable under the Fourth Amendment.

The Second Cause of Action alleges a claim for violation of the Fourth Amendment only against Defendant Gonzalez, who is not one of the moving defendants.  There is no basis for dismissal of the alleged Fourth Amendment violation because it is not alleged against the moving Defendants.

The motion to dismiss the Second Cause of Action is DENIED.

E.   <u>THIRD CAUSE OF ACTION FOR CIVIL CONSPIRACY PURSUANT TO 42 U.S.C. § 1983; FOURTH CAUSE OF ACTION FOR CONSPIRACY UNDER 42 U.S.C. § 1985(3) AND FAILURE TO PREVENT UNDER 42 U.S.C. § 1986</u>.

The Third Cause of Action is alleged against the Employee Defendants, as well as other non-moving defendants.  After incorporating all preceding allegations, the Third Cause of Action alleges:

> 101. In engaging in the conduct alleged above, (a) Defendants FRANCISCO GONZALEZ, JAIME QUINONEZ, CONNIE SACK, BRUCE HILL, PATRICK BLAKE, ABELARDO SIBECAS, MARY ALEMAN, KATY RODRIGUEZ, DENNIS STEWARD, PABLO REYES, PATTY LEIBLE, DIRK McJUNKIN, VICKI SHOENHAIR, MATT GODBEHERE, TERRY LEWIS, MR. GUTIERREZ, JAMES HUDSON, ANA CATAÑO, and DOES 94 through 200, inclusive, in their individual

36

capacities, and (b) Defendants DOES 1 through 31, inclusive, entered into a civil conspiracy and agreement, as elucidated in, e.g., Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1301 (9th Cir. 1999), Gilbrook v. City of Westminster, 177 F.3d 839, 856 (9th Cir. 1999), Ting v. United States, 927 F.2d 1504, 1512 (9th Cir. 1991), Vieux v. E. Bay Reg'l Park Dist., 906 F.2d 1330, 1343 (9th Cir. 1990), Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989), Klingele v. Eikenberry, 849 F.2d 409, 413 (9th Cir. 1988), Dooley v. Reiss, 736 F.2d 1392, 1395 (9th Cir. 1984), and Crowe v. County of San Diego, 303 F.Supp.2d 1050, 1086 (S.D. Cal. 2004), to violate the civil rights of Plaintiff by performing acts, omissions and conduct under color of state law that: (a) discriminated against Plaintiff on the basis of her sex in violation of the Equal Protection Clause of the Fourteenth Amendment; and/or (b) deprived Plaintiff of her rights under Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681 - 1688. In addition to the conduct alleged above, said conspiracy and agreement is evidenced by the fact, inter alia, that said Defendants aided, abetted, approved, ratified and/or deliberately and knowingly failed, refused and/or refrained from intervening in or stopping the fabrication and/or planting of evidence on or against Plaintiff, and/or deliberately and knowingly failed, refused and/or refrained from promptly and accurately reporting such fabrication and planting of evidence to their superiors and/or other appropriate authorities.

102. In furtherance, as an intentional manifestation, and as a part of the conspiracy alleged above, public employee Defendants JAIME QUINONEZ, CONNIE SACK, BRUCE HILL, PATRICK BLAKE, ABELARDO SIBECAS, MARY ALEMAN, KATY RODRIGUEZ, DENNIS STEWARD, PABLO REYES, PATTY LEIBLE, DIRK McJUNKIN, VICKI SHOENHAIR, MATT GODBEHERE, TERRY LEWIS, MR. GUTIERREZ, JAMES HUDSON, ANA CATAÑO, and DOES 94 through 200, inclusive, agreed and conspired to: (a) be deliberately indifferent to Plaintiff's well-founded and legitimate complaints of sexual discrimination and

37

harassment; and (b) "look the other way,"
ignore, and/or refuse to address or remedy,
Plaintiff's well-founded and legitimate
complaints of sexual discrimination and
harassment.

103. For the reasons articulated in, e.g.,
Adickes v. S.H. Kress & Co., 398 U.S. 144,
152, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142
(1970), United Steelworkers of America v.
Phelps Dodge Corp., 865 F.2d 1539, 1540, 1547
(9th Cir. 1989), cert. denied, 493 U.S. 809,
110 S.Ct. 51, 107 L.Ed.2d 20 (1989), this
cause of action is actionable against private
party Defendants DOES 1 through 31,
inclusive, because they entered into the
conspiracy alleged above with Defendants
JAIME QUINONEZ, CONNIE SACK, BRUCE HILL,
PATRICK BLAKE, ABELARDO SIBECAS, MARY ALEMAN,
KATY RODRIGUEZ, DENNIS STEWARD, PABLO REYES,
PATTY LEIBLE, DIRK McJUNKIN, VICKI SHOENHAIR,
MATT GODBEHERE, TERRY LEWIS, MR. GUTIERREZ,
JAMES HUDSON, ANA CATAÑO, and DOES 94 through
200, inclusive, who were acting under color
of law.

The Fourth Cause of Action is alleged against the Employee

Defendants, as well as other non-moving defendants.  After

incorporating all preceding allegations, the Fourth Cause of

Action alleges:

109. In engaging in and performing the acts,
omissions and conduct alleged above, and
satisfying the test set forth in, inter alia,
Sever v. Alaska Pulp Corp., 978 F.2d 1529,
1536 (9th Cir.1999), see Mendocino Envtl.
Ctr. v. Mendocino County, 192 F.3d 1283, 1302
(9th Cir.1999) ("Direct evidence of improper
motive or an agreement among the parties to
violate a plaintiff's constitutional rights
will only rarely be available. Instead, it
will almost always be necessary to infer such
agreements from circumstantial evidence or
the existence of joint action."), Defendants
FRANCISCO GONZALEZ, and DOES 1 through 31,
inclusive, performed acts, omissions and
conduct under color of state law that
discriminated against Plaintiff on the basis

38

of her sex in violation of the Equal
Protection Clause of the Fourteenth
Amendment, and such discrimination was either
intentional or occasioned by deliberate
indifference. Further, said conspiracy was
motivated by discriminatory animus towards
one or more protected classes — i.e.,
Plaintiff's gender, see, e.g., Padway v.
Palches, 665 F.2d 965, 969 (9th Cir. 1982),
Life Ins. Co. of North America v. Reichardt,
591 F.2d 499, 505 (9th Cir. 1979), cf. Scott
v. Ross, 140 F.3d 1275, 1284 (9th Cir. 1998)
(religion), cert. denied, 526 U.S. 1033, 119
S.Ct. 1285, 143 L.Ed.2d 378 (1999).

110. In engaging in and performing the acts,
omissions and conduct alleged above, and
satisfying the test set forth in, inter alia,
Karim-Panahi v. Los Angeles Police Dept., 839
F.2d 621, 626 (9th Cir. 1988), FRANCISCO
GONZALEZ, and DOES 1 through 30, inclusive,
violated Plaintiff's rights under 42 U.S.C. §
1986 because they: (a) knew of impending
violations of 42 U.S.C. § 1985 directed
against Plaintiff but neglected and refused
to prevent said violations; and (b) had the
power to prevent or aid in preventing the
commission of such violations.

111. In engaging in and performing the acts,
omissions and conduct alleged above, and for
the reasons articulated in, inter alia, Park
v. City of Atlanta, 120 F.3d 1157, 1161 (11th
Cir. 1997) ("Though we agree with the
district court that § 1986 requires a
violation of § 1985, it does not follow that
individuals liable under § 1986 must be
involved in the § 1985 conspiracy."
"Accordingly, we hold that a party need not
be a participant in a § 1985(3) conspiracy to
be liable under § 1986."), and Brantley v.
City of Macon, 390 F.Supp.2d 1314, 1330 (M.D.
Ga. 2005) (same), Defendants JAIME QUINONEZ,
CONNIE SACK, BRUCE HILL, PATRICK BLAKE,
ABELARDO SIBECAS, MARY ALEMAN, KATY
RODRIGUEZ, DENNIS STEWARD, PABLO REYES, PATTY
LEIBLE, DIRK McJUNKIN, VICKI SHOENHAIR, MATT
GODBEHERE, TERRY LEWIS, MR. GUTIERREZ, JAMES
HUDSON, ANA CATAÑO, and DOES 94 through 200,
violated Plaintiff's rights under 42 U.S.C. §
1986 because they: (a) knew of impending

39

violations of 42 U.S.C. § 1985 directed
against Plaintiff; (b) had the power to
prevent or aid in preventing the commission
of such violations; and (c) intentionally,
recklessly, or negligently failed to do so.

Defendants argue that the TAC fails to allege facts from
which the existence of an agreement or meeting of the minds to
discriminate against Plaintiff as alleged in the Third and Fourth
Causes of Action may be inferred.

The case cited by Defendants, *Mendocino Environmental Center
v. Mendocino County*, 192 F.3d 1283 (9th Cir.1999), involved
review of summary judgment, not a motion to dismiss.  That case
is inapplicable and does not help to determine whether the Third
Cause of Action states a claim.

A Section 1983 conspiracy claim requires "'an agreement or
meeting of the minds to violate constitutional rights,'" *Franklin
v. Fox,* 312 F.3d 423, 441 (9th Cir.2001), and an actual
deprivation of constitutional rights, *Hart v. Parks*, 450 F.3d
1059, 1071 (9th Cir.2006).  "The defendants must have, by some
concerted action, intended to accomplish some unlawful objective
for the purpose of harming another which results in damage."
*Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301
(9th Cir.1999).  This agreement or meeting of the minds may be
inferred on the basis of circumstantial evidence, such as the
actions of the defendants.  *Id.*  A showing that defendants
committed acts that "are unlikely to have been undertaken without
an agreement" may support the inference of conspiracy.  *Id.*  "'To
be liable, each participant in the conspiracy need not know the

40

1   exact details of the plan, but each participant must at least
2   share the common objective of the conspiracy.'" *Franklin v. Fox*,
3   *id.*, at 441.  The federal system is one of notice pleading, and
4   the Court may not apply a heightened pleading standard to a
5   plaintiff's allegations of conspiracy. *Empress LLC v. City and*
6   *County of San Francisco*, 419 F.3d 1052, 1056 (9th Cir.2005).
7   However, although accepted as true, the '[f]actual allegations
8   must be [sufficient] to raise a right to relief above the
9   speculative level ...'  *Bell Atlantic Corp.*, *supra*, 127 S.Ct. at
10  1965.

11      A plaintiff must set forth "the grounds of his entitlement
12  to relief',]" which "requires more than labels and conclusions,
13  and a formulaic recitation of the elements of a cause of action
14  ...."  *Id.* at 1964-1965.  A plaintiff must allege specific facts
15  to support the existence of the claimed conspiracy.  *See Olsen v.*
16  *Idaho Bd. of Medicine*, 363 F.3d 916, 919 (9th Cir.2004).
17  Allegations that identify "the period of the conspiracy, the
18  object of the conspiracy, and certain other actions of the
19  alleged conspirators taken to achieve that purpose," *Marchese v.*
20  *Umstead*, 110 F.Supp.2d 361, 371 (E.D.Pa.2000), and allegations
21  that identify "which defendants conspired, how they conspired and
22  how the conspiracy led to a deprivation of ... constitutional
23  rights," *Harris v. Roderick*, 126 F.3d 1189, 1196 (9th Cir.1997),
24  have been held to be sufficiently particular to properly allege a
25  conspiracy.

26      Plaintiff's contention that the allegations of the TAC

41

satisfy these pleading requirements is not persuasive.  At the hearing, Plaintiff stated that the conspiracy involved two classes.  Defendant Ana Catano is alleged to have engaged in affirmative conduct.  The second class is alleged to have conspired to failure to perform a duty.  Plaintiff argued that an inference of communication or agreement among the Defendants arises from the allegations that Plaintiff was being harassed by other students and the faculty did nothing.

Plaintiff also bases the Fourth Cause of Action on an alleged violation of Section 1986:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, shall be liable to the party injured ..., for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented ....

Plaintiff cites *Park v. City of Atlanta,* 120 F.3d 1157, 1160 (11th Cir.1997):

> Though we agree with the district court that § 1986 requires a violation of § 1985, it does not follow that individuals liable under § 1986 must be involved in the § 1985 conspiracy ....
>
> ...
>
> We concur with the Third Circuit's conclusion [in *Clark v. Clabaugh*, 20 F.3d 1290, 1298 (3rd Cir.1994)] that negligence is sufficient to maintain a § 1986 claim ... We hold that if Appellees knew of a § 1985(3) conspiracy, and neglected or refused to prevent it, they are liable under § 1986 ....

Therefore, as Plaintiff argues, the moving Defendants may have

liability under Section 1986 even if they themselves did not

enter into a conspiracy in violation of Section 1985(3).

The motion to dismiss the Third and Fourth Causes of Action

is GRANTED and the Third and Fourth Causes of Action are

DISMISSED WITHOUT PREJUDICE.  If discovery reveals a factual

basis for a conspiracy by some or all of the Employee Defendants,

Plaintiff may seek leave to amend to allege claims for

conspiracy.

F.   **FIFTH CAUSE OF ACTION FOR VIOLATION OF THE SEX EQUITY IN EDUCATION ACT, CALIFORNIA EDUCATION CODE §§ 221.5 - 231.5.**

The Fifth Cause of Action is alleged against the District

only.  After incorporating all preceding allegations, the Fifth

Cause of Action alleges:

> 116. In engaging in and performing the acts, omissions and conduct alleged above, Defendant KERN HIGH SCHOOL DISTRICT violated the Sex Equity In Education Act, California Education Code §§ 221.5 – 231, when considered in conjunction with the entire chapter on "Educational Equity," see California Education Code §§ 200 through 283, and particularly sections 201(g), 212.5(c), 221.5, 230(g).

> 117. Said acts, omissions and conduct are actionable against Defendant KERN HIGH SCHOOL DISTRICT pursuant to California Education Code §§ 262.3, 262.4, and the decisions in Annamaria M v. Napa Valley Unified School District, 2006 WL 1525733, at *11 (N.D. Cal. 2006), and C.N. v. Wolf, 410 F.Supp.2d 894, 903-04 (C.D. Cal. 2005).

California Education Code § 201 provides:

> (a) All pupils have the right to participate fully in the educational process, free from discrimination and harassment.

43

(b) California's public schools have an affirmative obligation to combat racism, sexism, and other forms of bias, and a responsibility to provide equal educational opportunity.

(c) Harassment on school grounds directed at an individual on the basis of personal characteristics or status creates a hostile environment and jeopardizes equal educational opportunity as guaranteed by the California Constitution and the United States Constitution.

(e) There is an urgent need to teach and inform pupils in the public schools about their rights, as guaranteed by the federal and state constitutions, in order to increase pupils' awareness and understanding of their rights and the rights of others, with the intention of promoting tolerance and sensitivity in public schools and in society as a means of responding to potential harassment and hate violence.

(f) It is the intent of the Legislature that each public school undertake educational activities to counter discriminatory incidents on school grounds and, within constitutional bounds, to minimize and eliminate a hostile environment on school grounds that impair the access of pupils to equal educational opportunity.

(g) It is the intent of the Legislature that this chapter be interpreted as consistent with Article 9.5 (commencing with Section 11135 of Chapter 1 of Part 1 of Division 3 of Part 2 of the Government Code, Title VI of the federal Civil Rights Act of 1964 (42 U.S.C. Sec. 1981, *et seq.*), Title IX of the Education Amendments of 1972 (20 U.S.C. Sec. 1681, *et seq.*), Section 504 of the federal Rehabilitation Act of 1972 (29 U.S.C. Sec. 794(a)), the federal Individuals with Disabilities Education Act (20 U.S.C. Sec. 1400 *et seq.*), the Unruh Civil Rights Act (Secs. 51 to 53, incl. Civ.C.), and the Fair Employment and Housing Act (Pt. 2.8 (commencing with Sec. 12900), Div. 3, Gov.C.), except where this chapter may grant

44

1    more protections or impose additional
     obligations, and that the remedies provided
2    herein shall not be the exclusive remedies,
     but may be combined with remedies that may be
3    provided by the above statutes.

4 Education Code § 212.5(c) provides:

5    'Sexual harassment' means unwelcome sexual
     advances, requests for sexual favors, and
6    other verbal, visual, or physical conduct of
     a sexual nature, made by someone from or in
7    the work or educational setting, under any of
     the following conditions:

8    ...

9     (c) The conduct has the purpose or
10    effect of having a negative impact upon the
     individual's work or academic performance.

11
  Education Code § 221.5 provides:
12
     (a) It is the policy of the state that
13    elementary and secondary school classes and
     courses, including nonacademic and elective
14    courses, be conducted, without regard to the
     sex of the pupil enrolled in these classes
15    and courses.

16    (b) A school district may not prohibit a
     pupil from enrolling in any class or course
17    on the basis of the sex of the pupil, except
     a class subject to Chapter 5.6 (commencing
18    with Section 51930) of Part 28.

19    (c) A school district may not require a pupil
     of one sex to enrol in a particular class or
20    course, unless the same class or course if
     also required of a pupil of the opposite sex.

21
     (d) A school counselor, teacher, instructor,
22    administrator, or aide may not, on the basis
     of the sex of a pupil, offer vocational or
23    school program guidance to a pupil of one sex
     that is different from that offered to a
24    pupil of the opposite sex or, in counseling a
     pupil, differentiate career, vocational, or
25    higher education opportunities on the basis
     of the sex of the pupil counseled.  Any
26    school personnel acting in a career

1
counseling or course selection capacity to a
pupil shall affirmatively explore with the
2
pupil the possibility of careers, or courses
leading to careers, that are nontraditional
3
for that pupil's sex.  The parents or legal
guardian of the pupil shall be notified in a
4
general manner at least once in the manner
prescribed by Section 48980, in advance of
5
career counseling and course selection
commencing with course selection for grade 7
6
so that they may participate in the
counseling sessions and decisions.
7
8
(e) Participation in a particular physical
education activity or sport, if required of
9
pupils of one sex, shall be available to
pupils of each sex.
10
Education Code § 230(g) provides:
11
For the purposes of this chapter, harassment
and other discrimination of the basis of sex
12
include, but are not limited to, the
following practices:
13
...
14
15
(g) On the basis of sex,
harassment or other discrimination among
persons, including but not limited to,
16
students and nonstudents, or academic and
nonacademic personnel, in employment and the
17
conditions thereof, except as it relates to a
bona fide occupational qualification.
18

19
     The District moves to dismiss the Fifth Cause of Action to

20
the extent that it relies on Section 221.5 because the Plaintiff

21
has not alleged that any class at Shafter High School was opened

22
to a gender other than her own, but not to her.

23
     District also moves to dismiss the Fifth Cause of Action to

24
the extent it relies on Section 203(g) because Plaintiff has

25
failed to allege that she was, at any time, an employee of

26
District or that she was denied employment with District based on

46

her gender.

Plaintiff responds that Section 203(g) includes the failure to prevent student-on-student sexual harassment.

Plaintiff's construction of Section 203(g) is without merit. Section 203(g) expressly applies to sex discrimination in employment.

To the extent the Fifth Cause of Action purports to state violations of California Education Code §§ 203(g) and 221.5, it is DISMISSED WITH LEAVE TO AMEND.

G.   <u>SIXTH CAUSE OF ACTION FOR SEXUAL HARASSMENT IN A BUSINESS, SERVICE, OR PROFESSIONAL RELATIONSHIP PURSUANT TO CALIFORNIA CIVIL CODE § 51.9</u>.

The Sixth Cause of Action is alleged against District and Employee Defendants, among others.  After incorporating all preceding allegations, the Sixth Cause of Action alleges:

> 121. At all times mentioned herein, there was, pursuant to California Civil Code § 51.9(a)(1)(e), (f), a business, service, or professional relationship between Plaintiff and Defendant FRANCISCO GONZALEZ in that Plaintiff was a student and Defendant FRANCISCO GONZALEZ was Plaintiff's teacher, coach and homeroom supervisor.
>
> 122. In engaging in and performing the conduct alleged above, Defendant FRANCISCO GONZALEZ made sexual advances, solicitations, sexual requests, demands for sexual compliance by the Plaintiff, or engaged in other verbal, visual, or physical conduct of a sexual nature or of a hostile nature based on gender, that were unwelcome and pervasive or severe.
>
> 123. There was an inability by Plaintiff to easily terminate the relationship between

47

herself and Defendant FRANCISCO GONZALEZ
because, inter alia: (a) of the student –
teacher, student – coach, and student –
homeroom supervisor relationship between
Plaintiff and Defendant FRANCISCO GONZALEZ;
(b) Plaintiff was required, and/or had a
right and educational need, to attend public
school, and therefore was forced to be in
close proximity to, and tolerate the
relationship with, Defendant FRANCISCO
GONZALEZ; and (c) as alleged above, Plaintiff
was assigned to the homeroom class taught and
supervised by Defendant FRANCISCO GONZALEZ,
and therefore was forced to be in close
proximity to, and tolerate the relationship
with, Defendant FRANCISCO GONZALEZ. In
addition, Plaintiff was unable to easily
terminate the relationship between Plaintiff
and Defendant FRANCISCO GONZALEZ during the
period of time Defendant FRANCISCO GONZALEZ
was in the process of raping Plaintiff.

124. Plaintiff has suffered or will suffer
economic loss or disadvantage or personal
injury, including, but not limited to,
emotional distress or the violation of a
statutory or constitutional right as alleged
herein.

125. In engaging in and performing the
deliberately indifferent acts, omissions and
conduct alleged above, (i) Defendants JAIME
QUINONEZ, CONNIE SACK, BRUCE HILL, PATRICK
BLAKE, ABELARDO SIBECAS, MARY ALEMAN, KATY
RODRIGUEZ, DENNIS STEWARD, PABLO REYES, PATTY
LEIBLE, DIRK McJUNKIN, VICKI SHOENHAIR, MATT
GODBEHERE, TERRY LEWIS, MR. GUTIERREZ, JAMES
HUDSON, ANA CATAÑO, and DOES 94 through 200,
inclusive, and (ii) Defendants DOES 1 through
31, inclusive, aided, incited, or conspired
in the denial of Plaintiff's rights under
California Civil Code § 51.9 in violation of
Plaintiff's rights under California Civil
Code § 52(b).

Defendants move to dismiss this cause of action on the

ground that the allegations of conspiracy are inadequately

pleaded. *See discussion supra*.

48

1    Plaintiff responds that Civil Code § 52(b) provides:

2         Whoever denies the right provided by Section
         51.7 or 51.9, or aids, incites, or conspires
3         in that denial is liable ....

4    The motion to dismiss the Sixth Cause of Action is GRANTED

5    to the extent that it alleges that the Employee Defendants

6    conspired to violate Plaintiff's rights under Civil Code § 51.9

7    for the reasons stated above.  The Sixth Cause of Action is

8    DISMISSED WITHOUT PREJUDICE.  If discovery reveals a factual

9    basis for a conspiracy by some or all of the Employee Defendants,

10   Plaintiff may seek leave to amend to allege claims for

11   conspiracy.

12   The motion to dismiss the Sixth Cause of Action is DENIED to

13   the extent that the TAC alleges that the Employee Defendants

14   aided or incited a violation of Plaintiff's rights under Civil

15   Code § 51.9.

16   H.   SEVENTH CAUSE OF ACTION FOR VIOLATION OF THE UNRUH CIVIL

17   RIGHTS ACT, CALIFORNIA CIVIL CODE § 51, AND/OR CALIFORNIA CIVIL

18   CODE § 51.5.

19   The Seventh Cause of Action is alleged against District and

20   the Employee Defendants, among others.  After incorporating all

21   preceding allegations, the Seventh Cause of Action alleges:

22         130. Pursuant to the decisions in, inter
         alia, Davison ex rel. Sims v. Santa Barbara
23         High School Dist., 48 F.Supp.2d 1225, 1232-33
         (C.D. Cal. 1998) (Moreno, J.); Nicole M. By
24         and Through Jacqueline M. v. Martinez Unified
         School Dist., 964 F.Supp. 1369, 1388 (N.D.
25         Cal. 1997); Doe By and Through Doe v.
         Petaluma City School Dist., 830 F. Supp.
26         1560, 1581-82 (N.D. Cal. 1993); Sullivan By

49

and Through Sullivan v. Vallejo City Unified
School Dist., 731 F. Supp. 947, 952 (E.D.
Cal. 1990); see Analysis of SB 612 for the
Senate Floor dated August 9, 1994; California
Civil Practice Civil Rights Litigation, §
10:6 (Thomson/West 2006), Defendant KERN HIGH
SCHOOL DISTRICT is a "business establishment"
within the meaning of the Unruh Act,
California Civil Code § 51 and California
Civil Code § 51.5.

131. In engaging in and performing the acts,
omissions and conduct alleged above, and
satisfying the test set forth in, e.g.,
Davison ex rel. Sims v. Santa Barbara High
School Dist., 48 F.Supp.2d 1225, 1232-33
(C.D. Cal. 1998) (Moreno, J.); Nicole M. By
and Through Jacqueline M. v. Martinez Unified
School Dist., 964 F.Supp. 1369, 1388 (N.D.
Cal. 1997); Doe By and Through Doe v.
Petaluma City School Dist., 830 F. Supp.
1560, 1581-82 (N.D. Cal. 1993); Sullivan By
and Through Sullivan v. Vallejo City Unified
School Dist., 731 F. Supp. 947, 952 (E.D.
Cal. 1990), Defendant KERN HIGH SCHOOL
DISTRICT violated, or aided or incited the
violation of, or made discrimination or
distinction contrary to, the Unruh Act,
California Civil Code § 51, and/or California
Civil Code § 51.5.

132. In engaging in and performing the acts,
omissions and conduct alleged above, (a)
Defendants FRANCISCO GONZALEZ, JAIME
QUINONEZ, CONNIE SACK, BRUCE HILL, PATRICK
BLAKE, ABELARDO SIBECAS, MARY ALEMAN, KATY
RODRIGUEZ, DENNIS STEWARD, PABLO REYES, PATTY
LEIBLE, DIRK McJUNKIN, VICKI SHOENHAIR, MATT
GODBEHERE, TERRY LEWIS, MR. GUTIERREZ, JAMES
HUDSON, ANA CATAÑO, and DOES 94 through 200,
inclusive, and (b) Defendants DOES 1 through
31, inclusive, aided or incited a denial of,
or made a discrimination or distinction
contrary to, the Unruh Act, California Civil
Code § 51 and California Civil Code § 51.5,
and are therefore liable for said acts,
omissions and conduct pursuant to California
Civil Code § 52(a).

Defendants move to dismiss this cause of action on the

50

ground that the allegations of conspiracy are inadequately pleaded. *See discussion supra.*

Plaintiff refers to Civil Code § 52(a):

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Sections 51, 51.5, or 51.6, is liable ....

The Seventh Cause of Action states a claim upon which relief can be granted.  The motion to dismiss the Seventh Cause of Action is DENIED.

I.   NINTH CAUSE OF ACTION FOR NEGLIGENT SUPERVISION BY IN LOCO PARENTIS, PURSUANT TO CALIFORNIA GOVERNMENT CODE §§ 815.2 & 820.

The Ninth Cause of Action is alleged against the District and the Employee Defendants, among others.  After incorporating all preceding allegations, the Ninth Cause of Action alleges:

> 143. Pursuant to, e.g., M.W. v. Panama Buena Vista Union School Dist., 110 Cal.App.4th 508, 520-521, 1 Cal.Rptr.3d 673, 681-682 (5th Dist. 2003); and Leger v. Stockton Unified School Dist., 202 Cal.App.3d 1448, 1459-1460, 249 Cal.Rptr. 688, 694 (3rd Dist. 1988), Defendants KERN HIGH SCHOOL DISTRICT, FRANCISCO GONZALEZ, JAIME QUINONEZ, CONNIE SACK, BRUCE HILL, PATRICK BLAKE, ABELARDO SIBECAS, MARY ALEMAN, KATY RODRIGUEZ, DENNIS STEWARD, PABLO REYES, PATTY LEIBLE, DIRK McJUNKIN, VICKI SHOENHAIR, MATT GODBEHERE, TERRY LEWIS, MR. GUTIERREZ, JAMES HUDSON, ANA CATAÑO, and DOES 94 through 200, inclusive, had a duty to take all reasonable steps to protect their students, including Plaintiff.
>
> 144. In engaging in and performing the acts, omissions and conduct alleged above, Defendants KERN HIGH SCHOOL DISTRICT, FRANCISCO GONZALEZ, JAIME QUINONEZ, CONNIE SACK, BRUCE HILL, PATRICK BLAKE, ABELARDO

SIBECAS, MARY ALEMAN, KATY RODRIGUEZ, DENNIS STEWARD, PABLO REYES, PATTY LEIBLE, DIRK McJUNKIN, VICKI SHOENHAIR, MATT GODBEHERE, TERRY LEWIS, MR. GUTIERREZ, JAMES HUDSON, ANA CATAÑO, and DOES 94 through 200, inclusive, negligently breached their duty to take all reasonable steps to protect Plaintiff.

145. Defendants FRANCISCO GONZALEZ, JAIME QUINONEZ, CONNIE SACK, BRUCE HILL, PATRICK BLAKE, ABELARDO SIBECAS, MARY ALEMAN, KATY RODRIGUEZ, DENNIS STEWARD, PABLO REYES, PATTY LEIBLE, DIRK McJUNKIN, VICKI SHOENHAIR, MATT GODBEHERE, TERRY LEWIS, MR. GUTIERREZ, JAMES HUDSON, ANA CATAÑO, and DOES 94 through 200, inclusive, are liable for their breach of duty pursuant to California Government Code § 820(a).

146. Defendant KERN HIGH SCHOOL DISTRICT is liable for the negligent conduct of Defendants FRANCISCO GONZALEZ, JAIME QUINONEZ, CONNIE SACK, BRUCE HILL, PATRICK BLAKE, ABELARDO SIBECAS, MARY ALEMAN, KATY RODRIGUEZ, DENNIS STEWARD, PABLO REYES, PATTY LEIBLE, DIRK McJUNKIN, VICKI SHOENHAIR, MATT GODBEHERE, TERRY LEWIS, MR. GUTIERREZ, JAMES HUDSON, ANA CATAÑO, and DOES 94 through 200, inclusive, pursuant California Government Code § 815.2(a).

147. Further: "It is the duty of the school authorities to supervise at all times the conduct of the children on the school grounds and to enforce those rules and regulations necessary to their protection. [Citations.] The school district is liable for injuries which result from a failure of its officers and employees to use ordinary care in this respect." M.W. v. Panama Buena Vista Union School Dist., 110 Cal.App.4th 508, 517, 1 Cal.Rptr.3d 673, 680 (5th Dist. 2003) (quoting Taylor v. Oakland Scavenger Co., 17 Cal.2d 594, 600, 110 P.2d 1044 (1941)).

California Government Code § 820(a) provides:

Except as otherwise provided by statute (including Section 820.2), a public employee is liable for injury caused by his act or omission to the same extent as a private

person.

California Government Code § 820.2 provides:

> Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused.

California Government Code § 815.2(a) provides:

> A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.

Defendants, relying on Section 820.2, move to dismiss the Ninth Cause of Action on the ground that government officials are not personally liable for their discretionary acts within the scope of their authority, even where it is alleged that their conduct was malicious.

In *Caldwell v. Montoya*, 10 Cal.4th 972 (1995), the California Supreme Court, citing *Johnson v. State*, 69 Cal.2d 782 (1968), ruled:

> ... *Johnson* concluded, a 'workable definition' of immune discretionary acts draws the line between 'planning' and 'operational' functions of government. (*Johnson*, *supra*, 69 Cal.2d at pp. 793, 794.) Immunity is reserved for those '*basic policy decisions* [which have] ... been [expressly] committed to coordinate branches of government,' and as to which judicial interference would thus be 'unseemly.' (*Id.* at p. 793 ....) Such 'areas of quasi-legislative policy-making ... are sufficiently sensitive' (*id.* at p. 794) to call for judicial abstention from

53

interference that 'might even in the first
instance affect the coordinate body's
decision-making process' (*id.* at p. 793).

On the other hand, said *Johnson*, there is no
basis for immunizing lower-level, or
'ministerial,' decisions that merely
implement a basic policy already formulated.
(*Johnson*, *supra*, 69 Cal.2d at p. 796.)
Moreover, we cautioned, immunity applies only
to *deliberate and considered* policy
decisions, in which a '[conscious] balancing
[of] risks and advantages ... took place.
The fact that an employee normally engages in
"discretionary activity" is irrelevant if, in
a given case, the employee did not render a
considered decision ....' (*Id.* at p. 795, fn.
8).

Recognizing that 'it is not a tort for
government to govern' ..., our subsequent
cases have carefully preserved the
distinction between policy and operational
judgments.   Thus, we have rejected claims of
immunity for a bus driver's decision not to
intervene in one passenger's violent assault
against another ..., a college district's
failure to warn of known crime dangers in a
student parking lot ..., a county clerk's
libelous statements during a newspaper
interview about official matters ...,
university therapists' failure to warn a
patient's homicide victim of the patient's
prior threats to kill her ..., and a police
officer's negligent conduct of a traffic
investigation once undertaken ....

On the other hand, we have concluded that the
discretionary act statute does immunize
officials and agencies against claims that
they unreasonably delayed regulations under
which a murdered security guard might have
qualified himself to carry a defensive
firearm ... or negligently released a violent
juvenile offender into his mother's custody.

10 Cal.4th at 981-982.

     As Plaintiff argues, the direct and immediate supervision of

school children does not involve "basic policy decisions" or an

1   "area of quasi-legislative policy making."  The motion to dismiss

2   the Ninth Cause of Action on the basis of Government Code § 820.2

3   is DENIED WITHOUT PREJUDICE.

4        Defendants further move to dismiss the Ninth Cause of Action

5   on the ground that it is not based on any statute.  Defendants

6   cite California Government Code § 815 and *Eastburn v. Regional*

7   *Fire Protection Agency*, 31 Cal.4th 1175 (2003).

8        Government Code § 815 provides:

9           Except as otherwise provided by statute:

10          (a) A public entity is not liable for an
            injury, whether such injury arises out of an
11          act or omission of the public entity or a
            public employee or any other person.
12
            (b) The liability of a public entity
13          established by this part (commencing with
            Section 814) is subject to any immunity of
14          the public entity provided by statute,
            including this part, and is subject to any
15          defenses that would be available to the
            public entity if it were a private person.
16
    In *Eastburn*, the California Supreme Court stated:
17
            The California Tort Claims Act provides that
18          '[a] public entity is not liable for an
            injury,' '[e]xcept as otherwise provided by
19          statute.'  (Gov.Code, § 815, subd. (a).)  As
            that language indicates, the intent of the
20          Tort Claims Act is to confine potential
            governmental liability, not expand it.
21          (*Zelig v. County of Los Angeles* (2002) 27
            Cal.4th 1112, 1127 ....)  We first must
22          determine whether any statute imposes *direct*
            liability on defendant agencies here.
23
    31 Cal.4th at 1179.
24
         The motion to dismiss on this ground is DENIED WITHOUT
25
    PREJUDICE.  The TAC alleges a myriad of statutes, one or more of
26

                                   55

which may impose direct liability on the moving Defendants.

J.   **ELEVENTH CAUSE OF ACTION FOR GENDER VIOLENCE UNDER CALIFORNIA CIVIL CODE § 52.4**.

The Eleventh Cause of Action is alleged against the District and non-moving Defendant Francisco Gonzalez.  After incorporating all preceding allegations, the Eleventh Cause of Action alleges:

> 157. In engaging in and performing the acts, omissions and conduct alleged above, Defendant FRANCISCO GONZALEZ engaged in acts of gender violence and violated Plaintiff's rights under California Civil Code § 52.4. Moreover, Defendant KERN HIGH SCHOOL DISTRICT was a "responsible party" within the meaning of California Civil Code § 52.4(a) because it had duties, as alleged herein and incorporated into this cause of action by reference, to protect Plaintiff that were exclusive of its status as an employer.

Civil Code § 52.4(a) provides that "[a]ny person who has been subjected to gender violence may bring a civil action for damages against any responsible party."  Section 52.4(d) provides:

> Notwithstanding any other laws that may establish the liability of an employer for the acts of an employee, this section does not establish any civil liability of a person because of his or her status as an employer, unless the employer personally committed an act of gender violence.

Plaintiff asserts that the Eleventh Cause of Action is alleged against the District, not as Defendant Gonzalez's employer, but because the District owed and breached independent duties to Plaintiff under federal and state law as alleged in the TAC.  Plaintiff cites no authority allowing such a claim to

56

proceed under Section 52.4, but argues that "Rule 12(b)(6)
dismissals 'are especially disfavored in cases where the
complaint sets forth a novel legal theory that can best be
assessed after factual development,'" *McGary v. City of Portland*,
386 F.3d 1259, 1270 (9th Cir.2004).  At the hearing, however,
Plaintiff admitted that the Eleventh Cause of Action enters
uncharted waters.

Given the absence of any authority supporting the cause of
action and the proscription against vicarious liability set forth
in Section 52.4(d), the motion to dismiss is GRANTED; the
Eleventh Cause of Action is DISMISSED WITH PREJUDICE.

K.   <u>Twelfth Cause of Action for Violation of the Ralph Civil
Rights Act, California Civil Code § 51.7.</u>

The Twelfth Cause of Action is alleged against the District
and the Employee Defendants, among others.  After incorporating
all preceding allegations, the Twelfth Cause of Action alleges:

162. In engaging in and performing the acts,
omissions and conduct alleged above,
Defendants FRANCISCO GONZALEZ, and DOES 1
through 30, inclusive, committed acts of
violence, or intimidation by threat of
violence, against Plaintiff on account of her
sex, race, and color, in violation of
California Civil Code §§ 51(b), (e), 51.7.

163. In engaging in and performing the acts,
omissions and conduct alleged above,  (i)
Defendants JAIME QUINONEZ, CONNIE SACK, BRUCE
HILL, PATRICK BLAKE, ABELARDO SIBECAS, MARY
ALEMAN, KATY RODRIGUEZ, DENNIS STEWARD, PABLO
REYES, PATTY LEIBLE, DIRK McJUNKIN, VICKI
SHOENHAIR, MATT GODBEHERE, TERRY LEWIS, MR.
GUTIERREZ, JAMES HUDSON, ANA CATAÑO, and DOES
94 through 200, inclusive; and (ii)
Defendants DOES 1 through 31, inclusive,

57

> aided, incited, or conspired in the denial of
> Plaintiff's rights under California Civil
> Code § 51.7 in violation of California Civil
> Code § 52(b).

California Civil Code § 51.7(a) provides that "[a]ll persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property ... on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51 ...." Civil Code § 51(b) lists "sex" as a characteristic. Civil Code § 52(b) provides:

> Whoever denies the right provided by Section
> 51.7 ... or aids, incites, or conspires in
> that denial, is liable for each and every
> offense ....

Defendants argue that the only act of violence alleged to have been committed by any employee of the District is the alleged rape of Plaintiff by Defendant Gonzalez. Defendants complain that Plaintiff seeks relief against the District for the intentional rape of a student by a District employee. District cites *John R. v. Oakland Unified School Dist.*, 48 Cal.3d 438 (1989).

In *John R.*, a student who had been molested by his teacher while participating in an officially sanctioned extracurricular program brought an action against the teacher and the school district, alleging that the school district was vicariously liable for the teacher's acts and directly liable for its own negligence. The Supreme Court ruled that the school district could not be found vicariously liable for the molestation. 48

58

Cal.3d at 450-451.

Plaintiff argues that dismissal of the Twelfth Cause of Action is inappropriate because the TAC alleges that the Employee Defendants conspired to violate Plaintiff's rights. *See discussion supra*. Plaintiff further argues that Plaintiff is not alleging that the District is vicariously liable for the rape by Defendant Gonzalez but, rather, is alleging that the District "has respondeat superior liability for the conduct of its other employees and agents who failed to protect Plaintiff."

For the reasons stated above, the motion to dismiss the Twelfth Cause of Action is GRANTED. The Twelfth Cause of Action is DISMISSED WITHOUT PREJUDICE. If discovery reveals a factual basis for a conspiracy by some or all of the Employee Defendants, Plaintiff may seek leave to amend to allege claims for conspiracy.

L.   <u>SEVENTEENTH CAUSE OF ACTION FOR SLANDER</u>.

The Seventeenth Cause of Action is alleged against the District and Defendant Ana Catano, among others. After incorporating all preceding allegations, the Seventeenth Cause of Action alleges, *inter alia*, that Defendant Ana Catano, "a Spanish language teacher, during class made comments and statements concerning Plaintiff and the event during which Defendant FRANCISCO GONZALEZ raped Plaintiff that, or to the effect that, Plaintiff was lying, must be lying, or not otherwise telling the truth, because Defendant FRANCISCO GONZALEZ was a good guy who would never rape Plaintiff, or anyone else, or do anything like

that."   (TAC, ¶ 194).

Defendants move to dismiss this cause of action, citing

*Arikat v. JP Morgan Chase & Co.*, 430 F.Supp.2d 1013, 1020

(N.D.Cal.2006):

> To state a claim for either libel or slander
> a plaintiff must establish 'the intentional
> publication of a statement of fact that is
> false, unprivileged, and has a natural
> tendency to injure or which causes special
> damage.' ... Publication means 'communication
> to a third person who understands the
> defamatory meaning of the statement and its
> application to the person to whom reference
> is made.' ... In addition, to state a claim
> for libel, a plaintiff must plead the alleged
> libelous words.

Defendant argues that, according to the allegations of the TAC:

> Defendant CATANO told a group of students
> that, based on her impression that Defendant
> GONZALEA [sic] was a good guy, she didn't
> think he would rape anyone.  There is no
> indication whether Defendant CATANO actually
> said that Plaintiff was or might have been
> lying, or if this was an inducement to be
> drawn by those hearing the statements.  The
> expression of an opinion that a co-worker is
> a good guy simply does not rise to the level
> of defamation ....

The motion to dismiss the Seventeenth Cause of Action is

DENIED to the extent it alleges a claim for slander against

Defendant Catano; whether or not Defendant Catano actually called

Plaintiff a liar is a question of fact.

There is no allegation in the TAC that the District made any

defamatory statements.  At the hearing Plaintiff argued that

Defendant Catano's alleged defamatory statements were made in the

course and scope of her employment with the District as a teacher

because the role of a teacher is to make statements to students. However, the role of a teacher does not include making defamatory statements to and about students.

The motion to dismiss the Seventeenth Cause of Action against the District is GRANTED.  The Seventeenth Cause of Action is DISMISSED WITHOUT PREJUDICE as against the District.  If discovery reveals that the District ratifies the alleged statements of Defendant Catano, Plaintiff may seek leave to amend to include the District in this cause of action.

M.  <u>TWENTY-THIRD CAUSE OF ACTION FOR NEGLIGENCE UNDER CALIFORNIA LAW</u>.

The Twenty-Third Cause of Action is alleged against all Defendants.  After incorporating all preceding allegations, the Twenty-Third Cause of Action alleges:

214. In engaging in and performing the acts, omissions and conduct alleged above, Defendants, and each of them, negligently, carelessly, actually, legally and proximately caused damages and injuries suffered by Plaintiffs as alleged herein.

215. Defendants FRANCISCO GONZALEZ, JAIME QUINONEZ, CONNIE SACK, BRUCE HILL, PATRICK BLAKE, ABELARDO SIBECAS, MARY ALEMAN, KATY RODRIGUEZ, DENNIS STEWARD, PABLO REYES, PATTY LEIBLE, DIRK McJUNKIN, VICKI SHOENHAIR, MATT GODBEHERE, TERRY LEWIS, MR. GUTIERREZ, JAMES HUDSON, ANA CATAÑO, and DOES 94 through 200, inclusive, are statutorily liable pursuant to California Government Code § 820 for the damages and injuries to Plaintiff caused by their negligent conduct.

216. Defendant KERN HIGH SCHOOL DISTRICT is statutorily liable pursuant to California Government Code § 815.2 for the negligent conduct of Defendants FRANCISCO GONZALEZ,

            JAIME QUINONEZ, CONNIE SACK, BRUCE HILL,
            PATRICK BLAKE, ABELARDO SIBECAS, MARY ALEMAN,
            KATY RODRIGUEZ, DENNIS STEWARD, PABLO REYES,
            PATTY LEIBLE, DIRK McJUNKIN, VICKI SHOENHAIR,
            MATT GODBEHERE, TERRY LEWIS, MR. GUTIERREZ,
            JAMES HUDSON, ANA CATAÑO, and DOES 94 through
            200, inclusive.

    Defendants move to dismiss this cause of action on the same grounds as the Ninth Cause of Action.

    For the reasons state above, the motion to dismiss the Twenty-Third Cause of Action is DENIED WITHOUT PREJUDICE.

<u>CONCLUSION</u>

    For the reasons stated:

    1.   The motion to dismiss the First, Second, Seventh, Ninth and Twenty-Third Causes of Action is DENIED;

    2.   The Third, Fourth, and Twelfth Causes of Action are DISMISSED WITHOUT PREJUDICE subject to discovery;

    3.   The Fifth Cause of Action is DISMISSED WITH LEAVE TO AMEND;

    4.   The motion to dismiss the Sixth Cause of Action is GRANTED IN PART WITHOUT PREJUDICE and DENIED IN PART;

    5.   The Eleventh Cause of Action is DISMISSED WITH PREJUDICE;

    6.   The motion to dismiss the Seventeenth Cause of Action is GRANTED IN PART WITHOUT PREJUDICE and DENIED IN PART;

    7.   Plaintiff shall file a Fourth Amended Complaint in accordance with this Memorandum Decision and Order within 20 days of the filing date.

///

1  IT IS SO ORDERED.

2  **Dated:    August 13, 2008            /s/ Oliver W. Wanger**
                                    UNITED STATES DISTRICT JUDGE

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26